

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 21, 2020

Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Bing Guan, et al. v. Chad F. Wolf, et al.*,
              Civil No. 19-CV-6570 (PKC/JO)

Dear Judge Chen:

      Plaintiffs in the above-captioned action seek a declaratory judgment that certain alleged actions of U.S. Customs and Border Protection ("CBP") violated their rights under the First Amendment. Because Plaintiffs lack standing to bring this suit, and because their Complaint in any event fails to state a First Amendment claim upon which relief may be granted, the Government intends to move to dismiss under Fed. R. Civ. P. 12(b)(1), (6). In anticipation of this motion, we respectfully request a pre-motion conference.

      By way of background, the five Plaintiffs claim to be U.S.-citizen photojournalists who traveled to Mexico between November 2018 and January 2019 to document migrants traveling by caravan from Central America to the U.S.-Mexico border. According to the Complaint (ECF No. 1), upon their attempt to cross back into the United States, Plaintiffs were subjected to border inspections, where they were questioned by CBP officers about their observations and interactions during their international travels; after these inspections, Plaintiffs were all allowed to re-enter the United States. Plaintiffs do not allege that they were injured in any way during their encounters with CBP officers, and they do not seek any form of money damages. Instead, they object to the fact that border officers referred them to secondary inspection and questioned them "regarding their journalism work and activities," claiming that such actions "reasonably chill" them from traveling and reporting on important issues. Compl. ¶¶ 6-7. On this basis, Plaintiffs allege a violation of their First Amendment rights to free speech, press, and association, and they seek declaratory relief. *Id.* ¶¶ 5, 158-62.

      As a threshold matter, Plaintiffs lack standing to bring this action. Plaintiffs have not plausibly alleged that they have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent" rather than "conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Plaintiffs' allegations point to nothing more than "routine" inspections at the border, for which the Government needs no warrant, no probable cause, and no level of suspicion. *See Tabbaa v. Chertoff*, 509 F.3d 89, 97-98 (2d Cir. 2007). The Government has substantial authority to search and question all travelers upon reentry into the United States, and

Hon. Pamela K. Chen
*Guan v. Wolf*, No. 19-6570 (PKC/JO)
February 21, 2020
Page 2

such searching and questioning cannot, as a matter of law, cause injury-in-fact. *See United States v. Flores-Montano*, 541 U.S. 149, 152-53 (2004).

Nor have Plaintiffs alleged that they are "immediately in danger of sustaining some direct injury as [a] result of the challenged [practices]." *City of Los Angeles v. Lyons*, 461 U.S. 95, 108 (1983); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Although Plaintiffs allege a subjective "fear" that their journalistic activities would be "chilled" if they are referred to secondary inspection during their border inspections following international travel, those allegations are patently speculative and implausible. *See Laird v. Tatum*, 408 U.S. 1, 13-14 (1972) ("Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm."); *Nat'l Council of La Raza v. Gonzales*, 468 F. Supp. 2d 429, 443-44 (E.D.N.Y. 2007) (plaintiffs alleging "fear" of arrest that had a "chilling" effect on plaintiffs lacked standing because allegations were "based on subjective speculation without any indicia or imminent or actual threat of injury"), *aff'd*, 283 F. App'x 848 (2d Cir. 2008). As we will elaborate in the motion, moreover, since the incidents alleged in the Complaint each of the Plaintiffs has crossed the U.S. border multiple times without being referred for secondary inspection and additional questioning. Plaintiffs lack standing to bring their claims.

Even if Plaintiffs could show standing to bring this suit (and they cannot), their Complaint must be dismissed for failure to state a claim for relief. If Plaintiffs are suggesting that their vague and subjective allegation of a "chilling effect" is sufficient to support a First Amendment claim, they are wrong. To state such a claim, a plaintiff must make specific, non-speculative, and non-subjective allegations demonstrating a concrete deprivation of her First Amendment rights. *See Laird*, 408 U.S. at 13-14; *Spear v. Town of W. Harford*, 954 F.2d 63, 67-68 (2d Cir. 1992) (dismissing as "conclusory and speculative" claim based on plaintiff's allegations of a "chill"). Plaintiffs' allegations, which do no more than allege that questioning of journalists crossing the border would "reasonably chill" their expressive activities, fall far short of that requirement. All travelers who cross the border are inspected and questioned; Plaintiffs offer no concrete allegation explaining how referral to secondary inspection—in essence, a separate line for a continuation of a border inspection—hindered or could hinder their journalistic activity.

If Plaintiffs are suggesting that their border encounters with CBP somehow restrained their ability as journalists to acquire or publish information, their Complaint likewise fails. Plaintiffs have not plausibly alleged that CBP in any way limited their ability to take, sell, or publish journalistic photos. Plaintiffs have at best alleged that on a couple of occasions they underwent additional scrutiny while crossing the border, a circumstance in which delays are common and to be anticipated. *See Flores-Montano*, 541 U.S. at 155 n.3; *Tabbaa*, 509 F.3d at 100-101. Even if the border officers' questioning were somehow considered a restraint on speech, moreover, any such restriction would be content-neutral, justified by the United States' "paramount interest in protecting, its territorial integrity" at the border, and narrowly tailored to protect that interest. *See Flores-Montano*, 541 U.S. at 132.[1]

---

[1] A court, when evaluating a First Amendment claim based on alleged government restraints, must determine whether the restraint is content-based or content-neutral. *See Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989).

2

Hon. Pamela K. Chen
*Guan v. Wolf*, No. 19-6570 (PKC/JO)
February 21, 2020
Page 3

If Plaintiffs claim that in questioning them at the border CBP officers violated some sort of "reporters' privilege," their Complaint again fails.[2] Plaintiffs have failed to allege that the method or means of questioning that they endured was coercive in any way. They instead plead only that the "officer[s] . . . asked to see photographs" taken by Plaintiffs Guan and Nakamura. Compl. ¶¶ 51, 73. Although Plaintiffs say they "fe[lt] [t]he[y] had no choice and w[ere] not at liberty to leave," such a claim is entirely conclusory and implausible. The photographs that Plaintiffs allegedly disclosed, moreover, do not reveal confidential sources but rather are work product that Plaintiffs made public anyway. Any privilege such work product may have is qualified and limited, and again must give way to the United States' "paramount interest" in protecting its borders, especially given the non-availability of other methods of obtaining that information. *See Flores-Montano*, 541 U.S. at 132; *Gonzales v. NBC*, 194 F.3d 29, 36 (2d Cir. 1999).

Finally, if Plaintiffs are claiming that because they are journalists they should not be subjected to the same border searches as everyone else who enters this country, the Court must reject their Complaint. Although Plaintiffs have raised only a First Amendment claim, constitutional claims concerning the lawfulness of searches at the border should be considered under, and in light of, Fourth Amendment jurisprudence. Judges of this Court have refused to "carve out a First Amendment exception to the border search doctrine" under the Fourth Amendment." *Abidor v. Napolitano*, 990 F. Supp.2d 260, 278 (E.D.N.Y. 2013). The questioning and searching Plaintiffs allegedly underwent are presumptively valid under the Fourth Amendment, given CBP's broad authority to conduct searches at the border. *See United States v. Ramsey*, 431 U.S. 606, 616 (1977). At the border, individuals entering the country are "deemed to consent to a routine search, and their expectation of privacy . . . is limited." *Muhammad v. Bonner*, No. 05-cv-1851, 2008 WL 926574, at *3 (E.D.N.Y. Mar. 31, 2008); moreover, "routine" border searches, which includes questioning, pat-down searches, and thorough searches of luggage, are lawful without any level of suspicion. *United States v. Irving*, 452 F.3d 110, 123 (2d Cir. 2006). These rules apply to everyone, and the mere fact that Plaintiffs are journalists returning from covering the migrant caravan does not make CBP's actions in asking them questions about their activities during their international travel any less lawful.

For the foregoing reasons, and others to be elaborated in our motion, Plaintiffs' claims cannot survive dismissal. Accordingly, we respectfully seek a pre-motion conference at which a schedule for briefing our forthcoming motion can be set.

---

Unlike content-based restrictions, which are subject to strict scrutiny, content-neutral restrictions are subject to only intermediate scrutiny. *See id.* at 798 & n.6. A content-neutral restraint does not violate the First Amendment as long as it is: (a) justified by the government "without reference to the content of the regulated speech," (b) "narrowly tailored to serve a significant government interest," and (c) "leave[s] open ample alternative channels for communicat[ing] the information." *See id.* at 791, 798, 802.

[2] The Second Circuit has not determined whether the journalist's privilege is grounded in the First Amendment or in federal common law. *See United States v. Treacy*, 639 F.3d 32, 43 (2d Cir. 2011). Regardless, a journalist seeking protection from "compelled disclosure" of journalistic sources bears the "burden to establish those facts that are the essential elements of the privileged relationship." *von Bulow by Auersperg v. von Bulow*, 811 F.2d 136, 143 (2d Cir. 1987); *see Branzburg v. Hayes*, 408 U.S. 665, 681 (1972).

3

Hon. Pamela K. Chen
*Guan v. Wolf*, No. 19-6570 (PKC/JO)
February 21, 2020
Page 4

    We appreciate the Court's time and attention to this matter.

                                 Respectfully submitted,

                                 RICHARD P. DONOGHUE
                               United States Attorney

By:    /s/ {FILED ELECTRONICALLY}
        F. FRANK AMANAT
        EKTA R. DHARIA
        Assistant U.S. Attorneys
        (718) 254-6024/7520
        franklin.amanat@usdoj.gov
        ekta.dharia@usdoj.gov

cc:    **By ECF & EMAIL**

      Antony Philip Falconer Gemmel, New York Civil Liberties Union
      Mitra Ebadolahi ACLU Foundation of San Diego & Imperial Counties
      Sarah D. Thompson, ACLU of San Diego & Imperial Counties
      Scarlet Kim, American Civil Liberties Union Foundation
      Esha Bhandari, American Civil Liberties Union Foundation
      *Attorneys for Plaintiffs*