

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 12, 2021

**By ECF**

The Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Bing Guan, et al. v. Alejandro Mayorkas, et al.*,
            Civ. No. 19-cv-6570 (Chen, J.) (Henry, M.J.) (E.D.N.Y.)

Dear Judge Henry:

    This Office represents Defendants Alejandro Mayorkas, Troy Miller, and Tae Johnson (collectively, "Defendants") in the above-referenced action commenced by Plaintiffs Bing Guan, Go Nakamura, Mark Abramson, Kitra Cahana, and Ariana Drehsler (collectively, "Plaintiffs"). Pursuant to the Court's August 4, 2021 order, Defendants respectfully identify cases in which protective orders have been issued that are similar to the one Defendants seek in this action, and attach those protective orders as exhibits to this letter.

    By way of background, Plaintiffs raise a First Amendment challenge to their referral to secondary inspection and subsequent questioning at various points of entry by Defendants upon their return to the United States. Defendants seek a protective order permitting specific categories of documents to be designated as "confidential," as well as the addition of a "highly confidential" designation to the protective order, which would cover highly sensitive documents that should not be transmitted to anyone but the attorneys in this action.

    Defendants have identified similar protective orders in three other First Amendment challenges to U.S. Customs and Border Protection ("CBP") activities, which are attached as exhibits to this letter and summarized briefly below:

- **Exhibit A**, *Phillips v. CBP*, No. 19-cv-6338 (C.D. Cal.): Plaintiffs, who were humanitarian activists assisting migrants, alleged a First Amendment violation stemming from their surveillance and interrogation at the U.S.-Mexico border. *See* Am. Compl., Dkt. 16. Plaintiffs were represented by the ACLU Foundation of Southern California. The court evaluated competing versions of a proposed protective order, and adopted Plaintiffs' version. *See* Order, Dkt. 42. This version allowed for a "Protected Information" designation that included "[n]on-public information that is designated or treated as (i) For Official Use Only (FOUO) and Law Enforcement Sensitive (LES), as well as (ii) information that is protected or restricted from disclosure under the terms of any other statute or regulation,

but which the Court may order be produced." *See* Dkt. 41, ¶ 4. Additionally, the protective order allowed for an "Attorneys' Eyes Only Information" designation to protect from disclosure information that "would create a substantial risk of serious harm that could not be avoided by less restrictive means." *See* Dkt. 41, ¶ 6.

- **Exhibit B**, *Dousa v. DHS*, No. 19-cv-1255 (S.D. Cal.): Plaintiff, a pastor who ministered to asylum seekers on the Mexican side of the border, alleged that her surveillance and detention in connection with these activities had a chilling effect on the free exercise of her religion. *See* Compl., Dkt. 1. The parties agreed to a protective order that allowed for a "CONFIDENTIAL" designation when "the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party," as well as a "CONFIDENTIAL – FOR COUNSEL ONLY" designation when "the information is among that considered to be most sensitive by the party." Dkt. 51, ¶¶ 4(a)-(b).

- **Exhibit C**, *Amadei v. Duke*, No. 17-cv-5967 (E.D.N.Y.) (Garaufis, J.) (Scanlon, M.J.): Plaintiffs, who were passengers on a flight from San Francisco to New York City, were asked for identification by CBP officers while deplaning because CBP was searching for an individual who had been ordered removed by an immigration judge. *See* Compl., Dkt. 1. Plaintiffs were represented by the ACLU Foundation, which brought suit in the Eastern District of New York. The parties agreed to a protective order which allowed for a "Confidential Information" designation encompassing, *inter alia*, "information that is otherwise sensitive or confidential and whose public release would likely cause harm to a Producing Party or to the United States." *See* Dkt. 39, ¶ 1. Additionally, the parties were permitted to apply a "Highly Confidential Information" designation to "documents or information [asserted to be] protected by the law enforcement privilege; [that] would jeopardize the objectives of law enforcement if released to the general public; or consist of highly sensitive personal information." Dkt. 39, ¶ 7.

Defendants thank the Court for its consideration of their revisions to the protective order form.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney
*Attorney for Defendants*

By: /s/ *David A. Cooper*
DAVID A. COOPER
EKTA R. DHARIA
Assistant U.S. Attorneys
(718) 254-6228/7520
david.cooper4@usdoj.gov
ekta.dharia@usdoj.gov

Encl.