**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1000

**Via CM/ECF**                                                             August 12, 2021

Hon. Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Guan, et al. v. Mayorkas, et al.*, No. 19-cv-6570 (PKC/MMH)

Dear Judge Henry:

Pursuant to the Court's Minute Order dated August 5, 2021, we write to provide the Court with the protective orders referenced in Plaintiffs' August 3, 2021 letter, which were entered in cases related to Defendants' alleged targeting and interrogation of U.S. citizens at the border. *See* Pls.' Letter (ECF No. 51) at 6 n.1. As explained below, none of these protective orders include the "Highly Confidential—Attorneys Eyes Only" designation that Defendants seek here, but instead reflect an appropriate balance between Plaintiffs' need for information and Defendants' purported concerns regarding improper disclosure. Accordingly, consistent with these orders—and similar orders entered by courts across the country—Plaintiffs respectfully request that the Court deny Defendants' request for additional changes to the Court's standard protective order, including the addition of a "Highly Confidential—Attorneys Eyes Only" designation, beyond those identified in Plaintiffs' August 3, 2021 letter. *See id.*

In *Merchant v. Mayorkas*, 17-cv-11730 (D. Mass.), Plaintiffs challenged two policies promulgated by Defendants that governed searches of electronic devices at the U.S. border. Although Defendants argued that the case related to "the nation's core sovereignty in controlling the entry and exit of persons and property in order to safeguard national security and prevent threats to the citizenry," Defs.' Mot. to Dismiss, 2017 WL 6998925, at *3 (D. Mass. Dec. 15, 2017), the court nonetheless entered a stipulated protective order that did not contain the "Highly Confidential—Attorneys Eyes Only" designation Defendants seek here. *See* Ex. A. Instead, the protective order authorized only one tier of protected information, which applied to (i) material protected by the Privacy Act, 5 U.S.C. § 552a, *et seq.*; (ii) personally identifiable information; and (iii) material "that the parties agree in writing, or the Court orders, qualify for protection under Federal Rule of Civil Procedure 26(c)." *Id.* § 1. The protective order further stated that "[e]ach party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards." *Id.* § 2.

Similarly, in *Wilwal v. Wolf*, 17-cv-02835-DWF-DTS (D. Minn.), Defendants agreed to a protective order without a "Highly Confidential—Attorneys Eyes Only" designation. *See* Ex. B.

COVINGTON

Hon. Marcia M. Henry
August 12, 2021
Page 2

In *Wilwal*, Plaintiffs challenged Defendants' detention, search, and interrogation of a family at the U.S. border, which occurred as a result of one of the Plaintiff's placement on a terrorism-related watch list. In their motion to dismiss, Defendants argued that the case related to "sensitive national security and law enforcement information concerning the identities of those who are known or reasonably suspected of being involved in terrorist activities." Defs.' Mot. to Dismiss at 4, ECF No. 38 (D. Minn. Nov. 8, 2017). Defendants nonetheless agreed to the entry of a protective order that applied a single "Confidential" designation to four categories of materials: (i) information covered by the Privacy Act; (ii) personally identifiable information; (iii) information protected by the Health Insurance Portability and Accountability Act (HIPAA), 45 C.F.R. §§ 164.102–164.534; and (iv) information "that the parties agree in writing, or the Court orders, qualif[ies] for protection under" Rule 26(c). Ex. B § 1(b).

These cases—and others in which Defendants have agreed to the entry of protective orders far narrower than the Court's standard protective order[1]—make clear that neither a "Highly Confidential—Attorneys Eyes Only" designation, nor the additional categories of "confidential" information Defendants seek, are necessary or appropriate at this stage. *See In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987) (party seeking protective order "has the burden of showing that good cause exists"); *Application of Akron Beacon Journal*, No. 94 Civ. 1402 (CSH), 1995 WL 234710, at *8–12 (S.D.N.Y. Apr. 20, 1995) (modifying protective order entered by previous judge, where order contained "extreme measure[]" of two-tiered designation system that relied on the "good faith belief" of the designating party). Moreover, nothing in the Court's standard protective order limits Defendants' right to seek further modification of the protected categories from the Court, should good cause arise in the course of discovery.

For the reasons set forth above, Plaintiffs respectfully request that the Court approve Plaintiffs' proposed protective order, *see* Pls.' Letter (ECF No. 51), and deny Defendants' additional proposed changes to the protective order, *see* Defs.' Letter (ECF No. 50).

Respectfully Submitted,

*/s/ C. William Phillips*

C. William Phillips

---

[1] *See, e.g.*, *Malam v. Adducci*, 5:20-cv-10829-JEL-APP, ECF No. 201 (E.D. Mich. 2020) (attached as Ex. C).

**COVINGTON**

Hon. Marcia M. Henry
August 12, 2021
Page 3

Scarlet Kim
Arianna Demas
American Civil Liberties Union
   Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549–2500
scarletk@aclu.org
ademas@aclu.org

Mitra Ebadolahi
Emily Child
American Civil Liberties Union
   Foundation of San Diego &
   Imperial Counties
P.O. Box 87131
San Diego, CA 92138–7131
mebadolahi@aclusandiego.org
echild@aclusandiego.org

Antony Gemmell
Christopher Dunn
New York Civil Liberties Union
   Foundation
125 Broad Street, 19th Floor
New York, New York 10004
(212) 607-3300
agemmell@nyclu.org
cdunn@nyclu.org

C. William Phillips
Andrew W. Hahn
COVINGTON & BURLING LLP
The New York Times Building
620 Eight Avenue
New York, NY 10018
(212) 841-1000 (Telephone)
(646) 441-9081 (Fax)
cphillips@cov.com
ahahn@cov.com

Megan A. Crowley
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
(202) 662-6000 (Telephone)
(202) 778-5112 (Fax)
mcrowley@cov.com

*Counsel for Plaintiffs*