

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 8, 2021

**By ECF**

The Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Bing Guan, et al. v. Alejandro Mayorkas, et al.*,
      Civ. No. 19-cv-6570 (Chen, J.) (Henry, M.J.) (E.D.N.Y.)

Dear Judge Henry:

  This Office represents Defendants Alejandro Mayorkas, Troy Miller, and Tae Johnson (collectively, "Defendants") in the above-referenced action commenced by Plaintiffs Bing Guan, Go Nakamura, Mark Abramson, Kitra Cahana, and Ariana Drehsler (collectively, "Plaintiffs"). Defendants write to respectfully clarify the scope of an argument made in their motion for a protective order which was filed on August 3, 2021.

  By way of background, Defendants moved for a protective order on August 3, 2021, that sought, *inter alia*, a provision permitting the designation of certain material as "highly confidential." *See* ECF No. 50, at 2-4. One reason proffered for this designation was that Defendants reasonably anticipated that "discovery [in this case] is likely to include the production of highly sensitive information and documents, such as Defendants' policies and training materials," and that if such material were disclosed absent a "highly confidential" designation, it may " 'endanger the safety of law enforcement personnel and countless New York residents' and U.S. citizens." *See* ECF No. 50, at 3 (quoting *In re City of New York*, 607 F.3d 923, 936 (2d Cir. 2010)). In adjudicating the motion, the Court observed that Defendants failed to satisfy the burden required for inclusion of a "highly confidential" designation, and noted that "[t]he case law Defendants cite in support of their proposed system is inapposite because a law enforcement privilege was claimed, unlike in this case." *See* Dec. 1, 2021 Minute Entry (citing *In re City of New York*, 607 F.3d at 936).

  Defendants write to respectfully point out that their intent was to assert the potential applicability of the law enforcement privilege to materials that they reasonably expect will be discoverable. "The purpose of th[e] [law enforcement] privilege is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988). Although not explicitly labeled as such,

Defendants intended to rely on the protections afforded by the law enforcement privilege by referring to "highly sensitive information and documents, such as Defendants' policies and training materials," ECF No. 50, at 3, specifically as it pertains to "prevent[ing] disclosure of law enforcement techniques and procedures." *See In re Dep't of Investigation*, 856 F.2d at 484.

Defendants apologize for their prior lack of clarity as to their intent to claim the law enforcement privilege with respect to certain documents, including their policies and training materials, and thank the Court for its consideration of this clarification and statement of Defendants' position.

        Respectfully submitted,

        BREON PEACE
        United States Attorney
        *Attorney for Defendants*

By:   /s/ *David A. Cooper*
        DAVID A. COOPER
        EKTA R. DHARIA
        Assistant U.S. Attorneys
        (718) 254-6228/7520
        MARY MCGARVEY-DEPUY
        Special Assistant U.S. Attorney
        (631) 487-1052
        david.cooper4@usdoj.gov
        ekta.dharia@usdoj.gov
        mary.mcgarvey-depuy@usdoj.gov

cc:   **By ECF**
      *All Counsel of Record*