# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BING GUAN, GO NAKAMURA, MARK ABRAMSON,
KITRA CAHANA, and ARIANA DREHSLER,

               Plaintiffs,

        v.

ALEJANDRO MAYORKAS, Secretary of the U.S.
Department of Homeland Security, in his official capacity;
CHRIS MAGNUS, Commissioner of the U.S. Customs and
Border Protection, in his official capacity; TAE JOHNSON,
Acting Director of the U.S. Immigration and Customs
Enforcement, in his official capacity,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action
No. 19-CV-6570

(Chen, J.)
(Henry, M.J.)

## DEFENDANTS' RESPONSES AND OBJECTIONS TO
## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

      Defendants Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security

("DHS"), in his official capacity; Chris Magnus, Commissioner of the U.S. Customs and Border

Protection ("CBP"), in his official capacity; and Tae Johnson, Acting Director of the U.S.

Immigration and Customs Enforcement ("ICE"), in his official capacity, by their attorney, Breon

Peace, United States Attorney for the Eastern District of New York, David A. Cooper and Ekta R.

Dharia, Assistant United States Attorneys, and Mary McGarvey-DePuy, Special Assistant United

States Attorney, of counsel, hereby submit, upon information and belief, their responses to

Plaintiffs' First Request for Production to Defendants ("Plaintiffs' Document Requests"), dated

December 30, 2021, as follows.

Defendants also object to this request on the grounds that it fails to specify any time limitation and, as such, is unduly burdensome.  Defendants further object to this request to the extent that it seeks documents that are protected in part by privilege, including but not limited to, the law enforcement privilege, deliberative process privilege, attorney-client privilege, or work product doctrine. Defendants also object to this request to the extent that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiving or in any way limiting these objections, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are producing documents responsive to this request, bearing Bates Stamp Nos. CBP_000001 to CBP_0000050.  These documents are marked as "CONFIDENTIAL" and are subject to the Protective Order entered into in this case.

**REQUEST NO. 7:**

All Documents, including Communications, concerning Operation Secure Line ("OSL"), including the contemplation, formulation, development, implementation, operation, enforcement, modification, or termination of OSL.

**RESPONSE:**

Defendants object to Plaintiffs' definition of Operation Secure Line.  In responding to this request, Defendants have interpreted Operation Secure Line as follows: CBP and DHS launched Operation Secure Line in or around October 2018, in response to the migrant caravans traveling from Honduras and Guatemala as a group through Mexico with an anticipated destination as the United States, to coordinate efforts to impede or deny illegal crossings, interdict any attempts at

mass migration, and immediate repatriate any persons not to be found in need of protection, in support of CBP's overall security mission. Defendants also object to this request on the grounds that it is vague and ambiguous as it does not define the terms "contemplation," "formulation," "development," "implementation," "operation," "enforcement," "modification," or "termination" of Operation Secure Line. Defendants further object to this request on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation. Defendants also object to this request as overbroad and unduly burdensome to the extent it seeks documents regardless of whether the documents concern Plaintiffs or the allegations in Plaintiffs' Complaint. Defendants further object to the extent this request seeks records that are not in the possession of Defendants. Defendants also object to this request on the grounds that it fails to specify any time limitation and, as such, is unduly burdensome. Defendants also object to this request to the extent that it seeks documents that are protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege.

Subject to and without waiving or in any way limiting these objections, and interpreting the term Operation Secure Line as defined by Defendants above, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are searching for documents responsive to this request, and will supplement this response by producing any non-privileged, responsive documents located, to the extent they apply to Plaintiffs' activities alleged in the Complaint.

**REQUEST NO. 8:**

All Documents, including Communications, concerning the OSL Targeting List, including

further object to this request to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege.  Defendants also object to this request to the extent that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiving or in any way limiting these objections, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are searching for documents responsive to this request, and will supplement this response by producing any non-privileged, responsive documents related to the operational use of the PowerPoint, to the extent they apply to Plaintiffs or Plaintiffs' activities alleged in the Complaint.

**REQUEST NO. 10:**

All Documents, including Communications, concerning the actual or potential inclusion of any Journalist or member of the Media on the OSL Targeting List.

**RESPONSE:**

Defendants object to Plaintiffs' characterization of the PowerPoint entitled "San Diego Sector Foreign Operations Branch: Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Instigators and Media," as the "OSL Targeting List" in the Definitions section of Plaintiffs' Document Requests.   Defendants object to this request on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation.  Defendants further object to this request on the grounds that it is vague and overbroad as it does not define the term "actual or potential inclusion."   Defendants also object to this request as overbroad and unduly

14

burdensome to the extent it seeks documents and communications regarding individuals included in in the PowerPoint other than Plaintiffs. Defendants further object to the extent this request seeks records that are not in the possession of Defendants.  Defendants also object to this request on the grounds that it fails to specify any time limitation and, as such, is unduly burdensome.  Defendants further object to this request to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege.  Defendants also object to this request on the grounds that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiving or in any way limiting these objections, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are searching for documents responsive to this request, and will supplement this response by producing any non-privileged, responsive documents relating to the inclusion of Plaintiffs in the PowerPoint.

**REQUEST NO. 11:**

All Documents, including Communications, concerning any investigation or audit of OSL or the OSL Targeting List.

**RESPONSE:**

Defendants object to Plaintiffs' definition of Operation Secure Line.  Defendants object to Plaintiffs' characterization of the PowerPoint entitled "San Diego Sector Foreign Operations Branch: Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Instigators and Media," as the "OSL Targeting List" in the Definitions section of Plaintiffs' Document Requests. Defendants further object to this request on the grounds that it is vague and overbroad as it does not

15

United States, to coordinate efforts to impede or deny illegal crossings, interdict any attempts at mass migration, and immediate repatriate any persons not to be found in need of protection, in support of CBP's overall security mission.   Defendants object to this request as vague and ambiguous as it does not define the terms "policies," "procedures," "practices," "operations," "International Liaison Unit," "Emergency Operations Center," "Tactical Terrorism Response Team," "OMEGA," "sufficient to show," "entity," "unit," and "participated."   Defendants also object to this request on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation.   Defendants object to the request as overbroad and unduly burdensome to the extent that it seeks documents regardless of whether those entities concern Plaintiffs, their journalistic activities,  or the allegations in Plaintiffs' Complaint.  Defendants also object because this request is not calculated to lead to admissible evidence.  Defendants also object to this request on the grounds that it fails to specify any time limitation and, as such, is unduly burdensome.  Defendants further object to this request to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege.

On the basis of these objections, Defendants will not produce documents responsive to this request.


**REQUEST NO. 26:**

All Documents, including Communications, created, prepared, maintained, processed, sent, or received by any International Liaison Unit, Emergency Operation Center, Tactical Terrorism Response Team, OMEGA, or other entity that participated in OSL concerning any Journalist or

member of the Media on the OSL Targeting List.

**RESPONSE:**

Defendants object to Plaintiffs' definition of Operation Secure Line.  In responding to this request, Defendants have interpreted Operation Secure Line as follows: CBP and DHS launched Operation Secure Line in or around October 2018, in response to the migrant caravans traveling from Honduras and Guatemala as a group through Mexico with an anticipated destination as the United States, to coordinate efforts to impede or deny illegal crossings, interdict any attempts at mass migration, and immediate repatriate any persons not to be found in need of protection, in support of CBP's overall security mission.  Defendants object to Plaintiffs' characterization of the PowerPoint entitled "San Diego Sector Foreign Operations Branch: Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Instigators and Media," as the "OSL Targeting List" in the Definitions section of Plaintiffs' Document Requests.   Defendants further object to this request as vague and ambiguous as it does not define the terms "created," "prepared," "maintained," "processed," "sent," "received," "International Liaison Unit," "Emergency Operations Center," "Tactical Terrorism Response Team," "OMEGA,"  "entity," and "participated."  Defendants also object to this request on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation.  Defendants object to the request as overbroad and unduly burdensome to the extent that it seeks documents regardless of whether those entities concern Plaintiffs, their journalistic activities,  or the allegations in Plaintiffs' Complaint.  Defendants also object to this request on the grounds that it fails to specify any time limitation and, as such, is unduly burdensome.  Defendants further object to this request to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work

40

product doctrine, or other applicable privilege.  Defendants also object to this request to the extent that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiving or in any way limiting these objections, and interpreting the term Operation Secure Line as defined by Defendants above, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are searching for documents responsive to this request, and will supplement this response by producing any non-privileged, responsive documents located, to the extent they apply to Plaintiffs' activities alleged in the Complaint.

**REQUEST NO. 27:**

Documents, including Communications, sufficient to show the policies, procedures, and practices governing the operations of the Operation Against Smugglers Initiative on Safety and Security, including its information gathering or sharing activities.

**RESPONSE:**

Defendants object to this request as vague and ambiguous as it does not define the terms "sufficient to show," "policies," "procedures," "practices," "governing," "operations," "Operation Against Smugglers Initiative on Safety and Security," and "information gathering or sharing."  In responding to this request, Defendants have interpreted the term "Operation Against Smugglers Initiative on Safety and Security" as follows: In 2005, in partnership with the Government of Mexico, U.S. Border Patrol implemented Operation Against Smugglers Initiative on Safety and Security to enable the prosecution of Mexican human smugglers, through Mexican courts, using information obtained via interviews conducted by U.S. Border Patrol agents while in United States

custody.   Defendants also object to this request on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation.   Defendants object to the request as overbroad and unduly burdensome  to the extent that it seeks documents regardless of whether those policies, procedures, or practices concern Plaintiffs or the allegations in Plaintiffs' Complaint.  Defendants also object to this request on the grounds that it fails to specify any time limitation and, as such, is unduly burdensome Defendants further object to this request to the extent that it is duplicative of Plaintiffs' Document Request No. 25.  Defendants further object to this request to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege.

Subject to and without waiving or in any way limiting these objections, , and interpreting the term "Operation Against Smugglers Initiative on Safety and Security" as defined by Defendants above, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are searching for "policies, procedures, and practices governing the operations" of the Operation Against Smugglers Initiative on Safety and Security that are related to the PowerPoint, and will supplement this response by producing any non-privileged, responsive documents located.

**REQUEST NO. 28:**

All Documents, including Communications, created, prepared, maintained, processed, sent, or received by the Operation Against Smugglers Initiative on Safety and Security concerning any Journalist or member of the Media on the OSL Targeting List.

42

**RESPONSE:**

Defendants object to Plaintiffs' characterization of the PowerPoint entitled "San Diego Sector Foreign Operations Branch: Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Instigators and Media," as the "OSL Targeting List" in the Definitions section of Plaintiffs' Document Requests.   Defendants object to this request as vague and ambiguous as it does not define the terms  "created," "prepared," "maintained," "processed," "sent,"  "received," or "Operation Against Smugglers Initiative on Safety and Security." In responding to this request, Defendants have interpreted the term "Operation Against Smugglers Initiative on Safety and Security" as follows: In 2005, in partnership with the Government of Mexico, U.S. Border Patrol implemented "Operation Against Smugglers Initiative on Safety and Security" to enable the prosecution of Mexican human smugglers, through Mexican courts, using information obtained via interviews conducted by U.S. Border Patrol agents while in United States custody.  Defendants also object to this request on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation.   Defendants object to the request as overbroad and unduly burdensome to the extent that it seeks documents regardless of whether those documents concern Plaintiffs or the allegations in Plaintiffs' Complaint.  Defendants further object to this request to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege.  Defendants also object to this request on the grounds that it fails to specify any time limitation and, as such, is unduly burdensome.

Subject to and without waiving or in any way limiting these objections, and interpreting the term "Operation Against Smugglers Initiative on Safety and Security" as defined by Defendants

above, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are searching for documents responsive to this request, and will supplement this response by producing any non-privileged, responsive documents located concerning Plaintiffs and the PowerPoint.

**REQUEST NO. 29:**

All Documents, including Communications, provided to, reviewed, referenced, or generated by the Department of Homeland Security's Office of the Inspector General ("OIG") in connection with, or otherwise concerning, the internal investigation reflected in the report entitled "CBP Targeted Americans Associated with the 2018-2019 Migrant Caravan," OIG-21-62, dated Sept. 20, 2021 (the "OIG Report"), including:

a. The 1990 TECS directive, and the statements by "a high-level EOC official" who "confirmed that CBP officials should reevaluate lookouts after every inspection";

b. Documents concerning OIG's conclusion that persons were subjected to "repeated and unnecessary secondary inspections";

c. Documents concerning OIG's conclusion that "in some instances, CBP's inspections were not consistent with the purported purpose of the lookouts";

d. Documents concerning the identity and conduct of "EOC Official 1" who "placed lookouts on the five journalists";

e. Documents concerning the identity and conduct of the "CBP intelligence official who was not part of the EOC," who "placed a lookout on a journalist after finding a YouTube video of his coverage of the January 1, 2019 border incursion";

f. Documents concerning whether any of Plaintiffs were among the U.S. citizens for whom

44

Dated: January 31, 2022
      Brooklyn, New York

BREON PEACE
United States Attorney
Eastern District of New York
*Attorney for Defendants*
271-A Cadman Plaza East
Brooklyn, New York 11201

By:     /s/  Ekta R. Dharia
EKTA R. DHARIA
DAVID A. COOPER
Assistant United States Attorneys
MARY MCGARVEY-DEPUY
Special Assistant U.S. Attorney
(718) 254-7520
(718) 254-7520
(631) 487-1052
ekta.dharia@usdoj.gov
david.cooper4@usdoj.gov
mary.mcgarvey-depuy@usdoj.gov

To:   **By E-Mail**

| | |
|---|---|
| Mitra Ebadolahi | Esha Bhandari |
| Emily Child | Scarlet Kim |
| AMERICAN CIVIL LIBERTIES UNION | AMERICAN CIVIL LIBERTIES UNION |
| FOUNDATION OF SAN DIEGO & | FOUNDATION |
| IMPERIAL COUNTIES | scarletk@aclu.org |
| mebadolahi@aclusandiego.org | ebhandari@aclu.org |
| echild@aclusandiego.org | |
| | C. William Phillips |
| Anthony Gemmell | Andrew W. Hahn |
| Christopher Dunn | Megan A. Crawley |
| NEW YORK CIVIL LIBERTIES UNION | COVINGTON & BURLING LLP |
| FOUNDATION | cphillips@cov.com |
| agemmell@nyclu.org | ahahn@cov.com |
| cdunn@nyclu.org | mcrawley@cov.com |

*Attorneys for Plaintiff*