**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1000

**Via ECF**                                                     March 20, 2023

The Honorable Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Guan v. Mayorkas*, No. 19-cv-6570 (PKC/MMH)

Dear Judge Henry:

We represent Plaintiffs Bing Guan, Go Nakamura, Mark Abramson, Kitra Cahana, and Ariana Drehsler. Defendants are Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security ("DHS") in his official capacity; Troy Miller, Acting Commissioner of U.S. Customs and Border Protection ("CBP") in his official capacity; and Tae Johnson, Acting Director of U.S. Immigration and Customs Enforcement ("ICE") in his official capacity.

Pursuant to the Court's order dated January 20, 2023, we write on behalf of the parties to provide a joint update on the status of discovery and settlement discussions, which is set forth in Part I below. Plaintiffs write separately to request that the Court set a briefing schedule on two discovery issues, as outlined in Part II. Defendants provide their position on these issues in Part III.

I.     **Parties' Joint Update**

Since the parties' last written update to the Court on December 22, 2022, and the status conference held on January 20, 2023, the parties have continued to review documents for production in advance of the March 31, 2023, deadline for substantial completion of document production.

Plaintiffs so far have produced 527 documents totaling 1,148 pages. Plaintiffs have discussed with Defendants a protocol for reviewing Plaintiffs' communications in the form of messages (such as messages sent or received using text messages or messaging apps), and Plaintiffs are reviewing those messages for production. Plaintiffs anticipate that they will be able to substantially complete their production of documents by March 31, 2023.

Defendant DHS so far has produced 2 documents totaling 9 pages. Defendant CBP has produced 106 documents totaling 866 pages. Defendant ICE has not yet produced documents. Defendants anticipate that they will be able to substantially complete their production of documents by March 31, 2023.

The Office of Inspector General for DHS ("DHS-OIG") has also produced 25 documents totaling 416 pages from its review file related to the report, *CBP Targeted Americans Associated with the 2018-2019 Migrant Caravan*, No. OIG-21-62 (Sep. 20, 2021). DHS-OIG, likewise, anticipates that it will be able to substantially complete its production of documents by March 31, 2023.

In addition to document review, Plaintiffs served a Second Set of Interrogatories on Defendants on January 23, 2023, and served a Second Set of Requests for Production of Documents on Defendants on March 1, 2023. Defendants served Amended and Supplemental Responses to Plaintiffs' First Set of Interrogatories on February 13, 2023, and Responses to Plaintiffs' Second Set of Interrogatories on March 1, 2023.

As previously reported, the parties have been exploring whether a potential settlement framework is possible at this stage. Plaintiffs most recently provided Defendants with information regarding their position on settlement on January 12, 2023. Defendants are continuing to consider Plaintiffs' position, and do not yet have a date by which they expect to respond.

The parties also have exchanged further letters and discussed the discovery issues raised by Plaintiffs in their status report of December 22, 2022, including Plaintiffs' issues regarding Defendants' interrogatory answers and certain redactions contained in documents produced by Defendants. The parties set forth their respective positions regarding these issues below.

On March 17, 2023, Defendants issued Notices of Depositions to Plaintiffs Bing Guan, Go Nakamura, Mark Abramson, Kitra Cahana, and Ariana Drehsler, noticing their depositions for five specific dates in May 2023.

## II. Plaintiffs' Supplemental Statement

The parties have narrowed but not resolved the discovery issues identified in the December 22, 2022, status report.

Plaintiffs submit that the issues below should be resolved in a prompt fashion so that the parties can transition to the deposition process and meet the discovery schedule in this matter, under which fact discovery is scheduled to conclude by July 31, 2023. This is particularly true now that Defendants have served five deposition notices on Plaintiffs, with the first deposition with Mr. Bing Guan noticed for May 2. On the date of service, Plaintiffs asked Defendants to confirm that the noticed dates will be subject to a subsequent agreement between the parties about a reasonable date, time, and location that each witness will be deposed, and Defendants so confirmed on March 20.

**Defendants' Interrogatory Answers**. Defendants DHS and ICE have each refused to provide a sworn substantive answer to any of Plaintiffs' First Set of Interrogatories, in contravention of Fed. R. Civ. P. 33(b)(3). Additionally, Defendant CBP has failed to provide complete answers to interrogatories concerning basic information that lies at the heart of this matter, including communications about Plaintiffs with foreign government officials, the bases for the stops and questioning of Plaintiffs, and documents related to this lawsuit that have

become inaccessible. Plaintiffs detailed their position regarding these deficiencies in two letters to Defendants, the first dated September 19, 2022, and the second dated December 19, 2022. Defendants' supplemental interrogatory responses, including those that Defendants most recently served on February 13, 2023, have narrowed but not cured these issues.

In an effort to clarify certain aspects of Defendants' responses, Plaintiffs served a Second Set of Interrogatories on January 23, 2023, to which Defendants provided a response after an agreed-upon one-week extension on March 1, 2023 ("Defendants' Second Answers"). Plaintiffs identified two deficiencies in Defendants' Second Answers, which Plaintiffs detailed in a letter to Defendants dated March 8, 2023. Defendants have declined to give a date by which they will provide a response to this letter, if any.

The parties most recently discussed these issues on March 13, 2023. At that time, Defendants suggested to Plaintiffs that Defendants' forthcoming production of documents on March 31, 2023, will render moot the interrogatory issues. Plaintiffs are concerned, given Defendants' past failures to respond fully, that Defendants' production will not in fact cure the remaining issues. Indeed, Defendants are required by Fed. R. Civ. P. 33(d) to specify the records from which an interrogatory answer may be ascertained, and Defendants have not specified the additional records that will cure the interrogatory issues. Plaintiffs are willing to review the contents of Defendants' March 31 production before moving to present the interrogatory issues to the Court, but given that Defendants have had more than six months to cure these issues, anything that remains unresolved thereafter should be promptly presented for a resolution with a reasonable amount of time before depositions begin.

Proposed Schedule: To the extent that the interrogatory issues remain unresolved, Plaintiffs propose to file a motion to compel of five pages in length on the interrogatory issues by **April 6** (*i.e.*, six days after Defendants' March 31 production), and propose that Defendants' response be due six days later on **April 12**, in advance of the April 13 status conference.

**Redactions for Law Enforcement Privilege**. Defendants have applied redactions to a number of documents produced to date under an invocation of the Law Enforcement Privilege. These documents fall into two broad categories: (1) documents concerning Plaintiffs, including documents that specifically discuss the stops and questioning of Plaintiffs at issue in this litigation, and (2) documents concerning policies and procedures related to the types of targeting and stops to which Defendants subjected Plaintiffs. Plaintiffs sent Defendants a letter detailing these issues on November 28, 2022, to which Defendants provided a written response three months later, on February 28, 2023.

In their response letter and during the parties' March 13, 2023, conference, Defendants conveyed that they will be reversing some—but not all—of the redactions Plaintiffs have identified as being unjustified, and that Defendants expect to re-produce those documents by March 31. As of the date of this letter, Defendants have declined to state whether they will be reversing some of the other key redactions Plaintiffs have identified, such as Defendants' redactions of the information that their own officers recorded as the reason for referring Plaintiffs to secondary inspection, and Defendants have further stated that they will not be reversing any redactions in a number of specific documents.

Plaintiffs are willing to consider whether Defendants' re-production narrows or resolves the issues, and to undertake an expeditious review of Defendants' additional March 31 production for any further Law Enforcement Privilege redaction issues. Provided that the March 31 production is of a reasonable volume and the basis for the redactions are clear, Plaintiffs anticipate that they will be able to complete their review of additional documents for Law Enforcement Privilege redaction issues by April 21.

Proposed Schedule: To the extent that the redaction issues for Law Enforcement Privilege remain unresolved, Plaintiffs propose to submit a letter motion of five pages in length on the redaction issues by **April 21**, with Defendants' response letter of five pages due seven days later on **April 28**. Plaintiffs understand that Defendants propose a single letter limited to three pages for both motions together, with Defendants' response due on May 12. Plaintiffs disagree with Defendants' proposal because (1) these issues require more than three pages to adequately present, and (2) May 12 is an unreasonably long amount of time for Defendants' response considering that Defendants have had many months to form their position and by May 12 Defendants themselves expect depositions to be well underway.

### III. Defendants' Supplemental Statement

Defendants and DHS-OIG have been tirelessly reviewing documents in anticipation of the March 31, 2023 deadline for the substantial production of documents. Defendant CBP and DHS-OIG have identified a small number of documents that are currently pending review from a federal agency, which is not a party to this action, because those documents raise equities that need to be reviewed by that agency. Defendants are making every effort to ensure that review is completed to the substantial completion of document production deadline. Nevertheless, because those documents are only a small portion of Defendants' overall production of documents, Defendants anticipate that they will be able to substantially complete their production of documents by March 31, 2023,

**Form of Defendants' Interrogatory Answers:** Pursuant to Federal Rule of Civil Procedure 33(b), "any officer or agent" of "a governmental agency" that "makes the answers" to interrogatories "must sign them." *See* Fed. R. Civ. P. 33(b)(1)(B), (b)(5). Here, Plaintiffs have served two sets of interrogatories on Defendants. Defendants have provided the requisite signatures under oath for their interrogatory responses in accordance with Rule 33(b).

On April 20, 2022, Plaintiffs served their first set of interrogatories on all three Defendants even though the allegations in the Complaint concern the alleged actions of CBP employees. CBP was the only agency with responsive information in its custody, control, or possession. CBP responded to Plaintiffs' first set of interrogatories with a signature under oath. Because the responsive information was provided by CBP, DHS and ICE did not "make[] the answers" to the interrogatories and thus were not required to sign the interrogatory responses. *See* Fed. R. Civ. P. 33(b)(5).

On January 23, 2023, Plaintiffs served three separate second sets of interrogatories to Defendants CBP, ICE, and DHS, requesting information about Defendants' discovery processes. CBP and ICE had responsive information in their custody, control, or possession, and thus provided signatures under oath for their respective individual responses to Plaintiffs' second

sets of interrogatories. As before, DHS did not "make[] the answers" to the interrogatories and thus was not required to sign the interrogatory responses. *See* Fed. R. Civ. P. 33(b)(5).

**Substance of Defendants' Interrogatory Responses:** Defendants' responses to Plaintiffs' first and second sets of interrogatories contained proper responses that comport with Rule 33. Defendants have provided sufficient information in response to Plaintiffs' interrogatories. Defendants have also, pursuant to Rule 33(d), answered Plaintiffs' interrogatories by "specifying the records" and "giving the interrogating party a reasonable opportunity to examine and audit the records" that responds to the interrogatory. *See* Fed. R. Civ. P. 33(d)(1)-(2). Specifically, Defendants responded to several of Plaintiffs' interrogatories by referring to CBP systems records.[1] Defendants, moreover, have stated that they would supplement their response should they discover any additional, non-privileged responsive information. Related to this, Defendants are in the process of reviewing and finalizing their document production, which is scheduled to be substantially completed by March 31, 2023. If any of that document production contains additional information responsive to Plaintiff's interrogatories, Defendants will advise Plaintiffs. As such, Plaintiffs' proposed arguments against Defendants' interrogatory responses are premature.

**Defendants' Law Enforcement Redactions:** Plaintiffs have not raised any discovery disputes that are ripe for the Court at this time. As an initial matter, Defendants have *agreed* to remove redactions in several documents in its document production. Plaintiffs, moreover, are raising this "dispute" *before* Defendants have re-produced those documents and before Defendants have provided their privilege log explaining the basis for their redactions. Plaintiffs seem to have already decided—without seeing the documents to be produced or the privilege log—that they already have discovery disputes with Defendants. Plaintiffs' asserted issues with Defendants' redactions are, at best, premature.

**Briefing Schedule:** Defendants disagree with Plaintiffs' plan to file two separate motions to compel, each of five pages in length, on the topics raised in this letter. Rather, all issues could be addressed (if needed) within one three-page motion to compel, in accordance with Your Honor's Individual Practice Rule V.B.1.b. Defendants also disagree with Plaintiffs' request to file motions to compel at different times. Significantly, Your Honor denied Plaintiffs' request in a previous status report to file three motions to compel on three separate discovery topics. *See* ECF Order re 79 (Aug. 8, 2022).

To the extent Plaintiffs seek to file motions to compel, Defendants respectfully request that the Court set the following briefing schedule: Plaintiffs will file their motion to compel on Defendants' interrogatories and law-enforcement redactions by April 21, 2023 (the same date Plaintiffs propose for their motion on redactions), and Defendants will file their response to Plaintiffs' motion to compel by May 12, 2023. Defendants' proposed briefing schedule is similar

---

[1] A "System of Records" is "a group of any records under the control of" DHS, ICE, or CBP "from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." See 5 U.S.C. § 552a(a)(5). DHS, ICE, and CBP have published a list of their Systems of Records Notices (SORNs) at Systems of Records Notices, U.S. Dep't of Homeland Sec. (2021), https://www.dhs.gov/system-records-noticessorns. *See* ECF Dkt. 71 (Protective Order) at 2.

to the Court's ordered briefing schedule on Plaintiffs' previous motion to compel.  *See* ECF Order re 79 (Aug. 8, 2022).  It is not necessary, moreover, to resolve Plaintiffs' proposed motions on *Defendants'* discovery prior to the dates noticed for *Plaintiffs'* depositions.  In addition, Defendants' proposed schedule takes into consideration the upcoming holidays, during which several government employees will be out of the office in observance of religious holidays.

*     *     *

The parties appreciate the Court's continued attention to this matter.

Respectfully Submitted,

Andrew W. Hahn

cc:     All counsel of record by CM/ECF