

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 28, 2023

**BY ECF**

The Honorable Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Bing Guan, et al. v. Alejandro Mayorkas, et al.</u>, No. 19-cv-6570 (E.D.N.Y.)

Dear Judge Henry:

This Office represents Defendants Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security ("DHS") in his official capacity; Troy Miller, Acting Commissioner of U.S. Customs and Border Protection ("CBP") in his official capacity; and Tae Johnson, Acting Director of U.S. Immigration and Customs Enforcement ("ICE") in his official capacity (collectively, "Defendants") in the above-referenced action commenced by Plaintiffs Bing Guan, Go Nakamura, Mark Abramson, Kitra Cahana, and Ariana Drehsler (collectively, "Plaintiffs"). Pursuant to the Court's April 26, 2023 Order, Defendants submit this letter informing the Court that they do not object to Plaintiffs' request for leave to file their motion to compel under seal (with a redacted version on the public docket) and to file certain exhibits under seal.

By way of background, Plaintiffs are photojournalists who travelled internationally between November 2018 and January 2019 to document migrants traveling by caravan from Central America to the U.S.-Mexico border. *See* Dkt. 1. Plaintiffs allege that on eight instances during that period, Plaintiffs were referred to secondary inspection by CBP officers. *See id.* Plaintiffs Guan, Nakamura, and Abramson each were referred once; Plaintiff Cahana was referred twice; and Plaintiff Drehsler was referred thrice. *See id.* Plaintiffs were questioned about their observations and interactions. *See id.* They allege solely First Amendment violations. *See id.*

On April 25, 2023, prior to filing their second motion to compel discovery, Plaintiffs' counsel requested the consent of Defendants' counsel to serve their motion to compel and all attached documents to the undersigned via e-mail, to which the undersigned consented. Plaintiffs' counsel, however, did not request Defendants' position on their motion for leave to file under seal, did not inform Defendants' counsel which documents it intended to file under seal, and did not give Defendants' counsel the chance to review their proposed redactions. That same day, Plaintiffs filed their second motion to compel discovery and sought leave to file an unredacted version of their motion to compel under seal, with a redacted version to be filed on the public docket, and to file all exhibits under seal. *See* Dkt. 91.

Defendants do not object to Plaintiffs' request to file the redacted version of the motion to compel on the public docket, with an unredacted version of the motion to compel under seal, and

to file Exhibits 1-10, 13, and portions of 15, under seal. The motion to compel attaches and quotes from documents that have been designated as Confidential Materials pursuant to the Protective Orders governing this case. *See* Dkts. 71, 76. Those exhibits and portions of exhibits have also been designated as Confidential Materials. *See id.* Plaintiffs, moreover, have not challenged the designations of those documents as Confidential Materials. *See id.* Accordingly, Defendants do not object to those documents being filed under seal.

Defendants thank the Court for its consideration of this matter.

Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York

By:  */s/ Ekta R. Dharia*
EKTA R. DHARIA
Assistant U.S. Attorney
(718) 254-7520
ekta.dharia@usdoj.gov

cc: All Counsel of Record (by ECF)