# EXHIBIT 14

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BING GUAN, GO NAKAMURA, MARK ABRAMSON, KITRA CAHANA, and ARIANA DREHSLER,<br><br>                        Plaintiffs,<br><br>           v.<br><br>ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security, in his official capacity; TROY MILLER, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; and TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity,<br><br>                        Defendants. | No. 1:19-CV-6570 (PKC/MMH) |

## <u>PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Bing Guan, Go Nakamura, Mark Abramson, Kitra Cahana, and Ariana Drehsler ("Plaintiffs") serve this First Set of Requests for Production of Documents ("Requests") on Defendants Alejandro Mayorkas, Troy Miller, and Tae Johnson ("Defendants"). Plaintiffs request that, within thirty (30) days of service of these Requests, Defendants produce or make available for inspection and copying the documents described in **Schedule A**, attached, in accordance with the Definitions and Instructions provided in **Schedule B**, attached, at the offices of Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, NY, 10018, or at such other time and place as may be mutually agreed by the parties.

Dated: December 30, 2021                    By: ___/s/Esha Bhandari_____
       New York, New York

Mitra Ebadolahi*                            Esha Bhandari
Emily Child*                                Scarlet Kim
AMERICAN CIVIL LIBERTIES UNION              AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION OF SAN DIEGO &                   FOUNDATION
    IMPERIAL COUNTIES                        125 Broad Street, 18th Floor
P.O. Box 87131                              New York NY 10004
San Diego, CA 92138                         (212) 549-2500 (Telephone)
(619) 232-2121 (Telephone)                  (212) 549-2583 (Fax)
(619) 232-0036 (Fax)                        scarletk@aclu.org
mebadolahi@aclusandiego.org                 ebhandari@aclu.org
echild@aclusandiego.org

Anthony Gemmell                             C. William Phillips
Christopher Dunn                            Andrew W. Hahn
NEW YORK CIVIL LIBERTIES UNION              COVINGTON & BURLING LLP
    FOUNDATION                              The New York Times Building
125 Broad Street, 19th Floor               620 Eight Avenue
New York, NY 10004                          New York, NY 10018
(212) 607-3300 (Telephone)                  (212) 841-1000 (Telephone)
(212) 607-3318 (Fax)                        (646) 441-9081 (Fax)
agemmell@nyclu.org                          cphillips@cov.com
cdunn@nyclu.org                             ahahn@cov.com


*Admitted Pro Hac Vice                      Counsel for Plaintiffs

9.    All Documents, including Communications, concerning the meaning or scope of the terms "Organizers," "Coordinators," "Instigators," or "Media," as used in the OSL Targeting List, including the categories of persons to whom those terms refer.

10.    All Documents, including Communications, concerning the actual or potential inclusion of any Journalist or member of the Media on the OSL Targeting List.

11.    All Documents, including Communications, concerning any investigation or audit of OSL or the OSL Targeting List.

12.    All Documents, including Communications, provided to, reviewed, referenced, or generated by the CBP Privacy and Diversity Office in connection with, or otherwise concerning, OSL or the OSL Targeting List.

13.    All Documents, including Communications, concerning any other lists or databases of persons—beyond the OSL Targeting List—created in connection with OSL, including any lists or databases of persons targeted or prioritized for any Government Action as part of OSL.

14.    Documents, including Communications, sufficient to show the function and institution of alerts, flags, lookouts, or similar notices (however denominated) on persons' passports generally, including the alerts referenced in the OSL Targeting List.

15.    All Documents, including Communications, concerning Bing Guan from 2017 to present, including those reflecting or concerning:

a. Any alerts, flags, lookouts, or similar notices (however denominated) regarding Bing Guan's passport;

b. Bing Guan's status or privileges under any DHS Trusted Traveler program, including whether any Defendant at any time considered suspending, canceling, or denying an application for the same;

c. Bing Guan's inclusion on the OSL Targeting List;

d. Any Government Action against or involving Bing Guan;

e. Any email, text, WhatsApp, or other message mentioning Bing Guan, whether sent using official or private means, between Defendants or their agents and any third party (such as foreign law enforcement entities or agents);

f. The incidents involving Mexican authorities on or about December 27, 2018, and August 26, 2019, described in Paragraphs 43 and 53 of the Complaint;

g. The screening, detention, or interview of Bing Guan at the San Ysidro Port of Entry on or about December 29, 2018, as described in Paragraphs 44–52 of the Complaint, including the ICE Report of Investigation, and any video, audio recordings, or photographs, documenting the same; and

h. Any other record or message sent to, created by, or maintained by the San Diego Field Offices of U.S. Customs and Border Protection and/or U.S. Immigration and Customs Enforcement concerning Bing Guan.

16. All Documents, including Communications, concerning Go Nakamura from 2017 to present, including those reflecting or concerning:

a.      Any alerts, flags, lookouts, or similar notices (however denominated) regarding Go Nakamura's passport;

b.      Go Nakamura's status or privileges under any DHS Trusted Traveler program, including whether any Defendant at any time considered suspending, canceling, or denying an application for the same;

c.      Go Nakamura's inclusion on the OSL Targeting List;

d.      Any Government Action against or involving Go Nakamura;

e.      Any email, text, WhatsApp, or other message mentioning Go Nakamura, whether sent using official or private means, between Defendants or their agents and any third party (such as foreign law enforcement entities or agents);

f.      The incidents involving Mexican authorities on or about December 27, 2018, and July 2019, described in Paragraphs 66 and 75 of the Complaint;

g.      The screening, detention, or interview of Go Nakamura at the San Ysidro Port of Entry on or about December 29, 2018, described in Paragraphs 67–74 of the Complaint, including the ICE Report of Investigation, and any video, audio recordings, or photographs, documenting the same; and

h.      Any other record or message sent to, created by, or maintained by the San Diego Field Offices of U.S. Customs and Border Protection and/or U.S. Immigration and Customs Enforcement concerning Go Nakamura.

17.      All Documents, including Communications, concerning Mark Abramson from 2017 to present, including those reflecting or concerning:

a.      Any alerts, flags, lookouts, or similar notices (however denominated) regarding Mark Abramson's passport;

b.      Mark Abramson's status or privileges under any DHS Trusted Traveler program, including whether any Defendant at any time considered suspending, canceling, or denying an application for the same;

c.      Mark Abramson's inclusion on the OSL Targeting List and the notations on that list regarding Mark Abramson;

d.      Any Government Action against or involving Mark Abramson;

e.      Any email, text, WhatsApp, or other message mentioning Mark Abramson, whether sent using official or private means, between Defendants or their agents and any third party (such as foreign law enforcement entities or agents);

f.      The incident involving Mexican authorities on or about December 27, 2018, described in Paragraph 88 of the Complaint;

g.      The screening, detention, or interview of Mark Abramson at the San Ysidro Port of Entry on or about January 5, 2019, described in Paragraphs 89–95 of the Complaint, including the ICE Report of Investigation, and any video, audio recordings, or photographs, documenting the same; and

h.      Any other record or message sent to, created by, or maintained by the San Diego Field Offices of U.S. Customs and Border Protection and/or U.S. Immigration and Customs Enforcement concerning Mark Abramson.

18.     All Documents, including Communications, concerning Kitra Cahana from 2017 to present, including those reflecting or concerning:

a.      Any alerts, flags, lookouts, or similar notices (however denominated)

regarding Kitra Cahana's passport;

b.      Kitra Cahana's status or privileges under any DHS Trusted Traveler

program, including whether any Defendant at any time considered

suspending, canceling, or denying an application for the same;

c.      Kitra Cahana's inclusion on the OSL Targeting List;

d.      Any Government Action against or involving Kitra Cahana;

e.      Any email, text, WhatsApp, or other message mentioning Kitra Cahana,

whether sent using official or private means, between Defendants or their

agents and any third party (such as foreign law enforcement entities or

agents);

f.      The incidents involving Mexican authorities on or about December 27,

2018, January 17–18, 2019, and January 26, 2019, described in Paragraphs

107, 113–117, and 121 of the Complaint;

g.      The screening, detention, or interview of Kitra Cahana at the Montreal

Port of Entry on or about January 17, 2019, and the Detroit Port of Entry

on or about January 18, 2019, described in Paragraphs 109–112 and 118–

120 of the Complaint, including the ICE Report of Investigation, and any

video, audio recordings, or photographs, documenting the same; and

h.      Any other record or message sent to, created by, or maintained by the

Montreal preclearance facility, the Detroit Field Offices of U.S. Customs

and Border Protection and/or U.S. Immigration and Customs

Enforcement, and the Boston Field Offices of U.S. Customs and Border

Protection and/or U.S. Immigration and Customs Enforcement concerning Kitra Cahana.

19.     All Documents, including Communications, concerning Ariana Drehsler from 2017 to present, including those reflecting or concerning:

      a.     Any alerts, flags, lookouts, or similar notices (however denominated) regarding Ariana Drehsler's passport;

      b.     Ariana Drehsler's status or privileges under any DHS Trusted Traveler program, including whether any Defendant at any time considered suspending, canceling, or denying an application for the same;

      c.     Ariana Drehsler's inclusion on the OSL Targeting List;

      d.     Any Government Action against or involving Ariana Drehsler;

      e.     Any email, text, WhatsApp, or other message mentioning Kitra Cahana, whether sent using official or private means, between Defendants or their agents and any third party (such as foreign law enforcement entities or agents);

      f.     The screening, detention, and/or interview of Ariana Drehsler at the San Ysidro Port of Entry on or about December 30, 2018, January 2, 2019, and January 4, 2019, described in Paragraphs 133–150 of the Complaint, including the ICE Report of Investigation, and any video, audio recordings, or photographs, documenting the same; and

      g.     Any other record or message sent to, created by, or maintained by the Montreal preclearance facility and the San Diego Field Offices of U.S.

Customs and Border Protection and/or U.S. Immigration and Customs

Enforcement concerning Ariana Drehsler.

20.     Documents, including Communications, sufficient to show any

agreements between the National Targeting Center and foreign law enforcement entities

regarding the sharing of information relating to OSL or the migrant caravan.

21.     Documents, including Communications, sufficient to show the operative

policies, procedures, or practices concerning Defendants' Government Actions directed

at Journalists or members of the Media.

22.     Documents, including Communications, sufficient to show the operative

policies, procedures, or practices of Defendants or any other department or agency of the

United States concerning First Amendment protections when screening, detaining, and

interrogating persons at ports of entry, including activities protected by the First

Amendment, retaliation against protected activities, and viewpoint discrimination.

23.     Documents, including Communications, sufficient to show the operative

policies, procedures, or practices of Defendants concerning the referral of persons to

secondary inspection at ports of entry.

24.     Documents, including Communications, sufficient to show the operative

policies, procedures, or practices of Defendants concerning the retention, sharing, or

dissemination of information gathered or obtained during the secondary inspection of

persons at ports of entry, whether with any U.S. or foreign entity.

25.     Documents, including Communications, sufficient to show the policies,

procedures, and practices governing the operations of the International Liaison Unit,

Emergency Operation Center, Tactical Terrorism Response Team, OMEGA, or any other

entity or unit if it participated in OSL, including their information gathering or sharing activities.

26.     All Documents, including Communications, created, prepared, maintained, processed, sent, or received by any International Liaison Unit, Emergency Operation Center, Tactical Terrorism Response Team, OMEGA, or other entity that participated in OSL concerning any Journalist or member of the Media on the OSL Targeting List.

27.     Documents, including Communications, sufficient to show the policies, procedures, and practices governing the operations of the Operation Against Smugglers Initiative on Safety and Security, including its information gathering or sharing activities.

28.     All Documents, including Communications, created, prepared, maintained, processed, sent, or received by the Operation Against Smugglers Initiative on Safety and Security concerning any Journalist or member of the Media on the OSL Targeting List.

29.     All Documents, including Communications, provided to, reviewed, referenced, or generated by the Department of Homeland Security's Office of the Inspector General ("OIG") in connection with, or otherwise concerning, the internal investigation reflected in the report entitled "CBP Targeted Americans Associated with the 2018-2019 Migrant Caravan," OIG-21-62, dated Sept. 20, 2021 (the "OIG Report"), including:

    a.     The 1990 TECS directive, and the statements by "a high-level EOC official" who "confirmed that CBP officials should reevaluate lookouts after every inspection";

    b.     Documents concerning OIG's conclusion that persons were subjected to "repeated and unnecessary secondary inspections";

    c.      Documents concerning OIG's conclusion that "in some instances, CBP's inspections were not consistent with the purported purpose of the lookouts";

    d.      Documents concerning the identity and conduct of "EOC Official 1" who "placed lookouts on the five journalists";

    e.      Documents concerning the identity and conduct of the "CBP intelligence official who was not part of the EOC," who "placed a lookout on a journalist after finding a YouTube video of his coverage of the January 1, 2019 border incursion";

    f.      Documents concerning whether any of Plaintiffs were among the U.S. citizens for whom any CBP official shared names or personal information with Mexican authorities, or asked Mexican authorities to deny entry;

    g.      Documents concerning the identity and conduct of "FOB Official 1"; "another CBP official who drafted the email" of FOB Official 1; "a third CBP official who was copied on FOB Official's 1 email"; "EOC Official 2"; "EOC Official 3"; "EOC Official 3's supervisor (EOC Official 4)"; "FOB Official 2"; "FOB Official 3"; "EOC Official 4"; and "the NTC Official," described in pages 17–29 of the OIG Report.

    h.      The policies, practices, and procedures referred to in pages 17–29 of the OIG Report.

30.      To the extent not already responsive to these Requests, all Documents, including Communications, that fall within the scope of these Requests and were created, sent, received, or maintained by the persons identified in the OIG Report as "FOB

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BING GUAN, GO NAKAMURA, MARK ABRAMSON, KITRA CAHANA, and ARIANA DREHSLER,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security, in his official capacity; TROY MILLER, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; and TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity,<br><br>Defendants. | No. 1:19-CV-6570 (PKC/MMH) |

## PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Bing Guan, Go Nakamura, Mark Abramson, Kitra Cahana, and Ariana Drehsler ("Plaintiffs") serve this Second Set of Requests for Production of Documents ("Requests") on Defendants Alejandro Mayorkas, Troy Miller, and Tae Johnson ("Defendants"). Plaintiffs request that, within thirty (30) days of service of these Requests, Defendants produce or make available for inspection and copying the documents described in **Schedule A**, attached, in accordance with the Definitions and Instructions provided in **Schedule B**, attached, at the offices of Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, NY, 10018, or at such other time and place as may be mutually agreed by the parties.

Dated: March 1, 2023                                  By: */s/Scarlet Kim*
     New York, New York                              Scarlet Kim


C. William Phillips                                   Scarlet Kim
Andrew W. Hahn                                        Esha Bhandari
COVINGTON & BURLING LLP                               Elizabeth Gyori
The New York Times Building                           Sarah Taitz
620 Eighth Avenue                                     AMERICAN CIVIL LIBERTIES
New York, NY 10018                                        UNION FOUNDATION
(212) 841-1000 (Telephone)                            125 Broad Street, 18th Floor
(646) 441-9081 (Fax)                                  New York NY 10004
cphillips@cov.com                                     (212) 549-2500 (Telephone)
ahahn@cov.com                                         (212) 549-2583 (Fax)
                                                     scarletk@aclu.org
                                                     ebhandari@aclu.org
                                                     egyori@aclu.org
                                                     staitz@aclu.org


Megan A. Crowley*                                     Anthony Gemmell
COVINGTON & BURLING LLP                               NEW YORK CIVIL LIBERTIES UNION
One CityCenter                                            FOUNDATION
850 Tenth Street, NW                                  125 Broad Street, 19th Floor
Washington, DC 20001-4956                             New York, NY 10004
(202) 662-6000 (Telephone)                            (212) 607-3300 (Telephone)
(202) 778-5112 (Fax)                                  (212) 607-3318 (Fax)
mcrowley@cov.com                                      agemmell@nyclu.org


*Admitted Pro Hac Vice*                               *Counsel for Plaintiffs*

## SCHEDULE A
## DOCUMENT REQUESTS

38.     To the extent not already responsive to Plaintiffs' First Requests for Production, the Documents enumerated below, which were exhibits admitted into evidence in the proceeding *Dousa v. U.S. Department of Homeland Security*, No. 3:19-cv-01255-TWR-KSC (S.D. Cal.), together with any attachments to those Documents.

a.      Plaintiff's Exhibit 5 (PX-5), Bates No. CBP00003532, "1.10.2019: Email from J. Rodriguez re: Caravan Organizers." *See id.*, Reporter's Transcript of Proceedings, Bench Trial – Day Two, ECF No. 143 at 311–12.

b.      Plaintiff's Exhibit 14 (PX-14), Bates No. ICE_0000128-3l, "US Customs and Border Protection LFC Region IX EOC Photos of Individuals." *See id.*, Reporter's Transcript of Proceedings, Bench Trial – Day Three, ECF No. 144 at 503–05.

c.      Plaintiff's Exhibit 39 (PX-39), Bates No. CBP 0012085-89, "12.03.18 Email from M. Haro re: Region IX EOC Organizers line up." *See id*. at 507–08.

d.      Plaintiff's Exhibit 64 (PX-64), Bates No. ICE_0000126-27, "12.03.2018 Email from E. Torregrosa re: Region IX EOC - Caravan organizers lineup." *See id*. at 505–07.

e.      Plaintiff's Exhibit 107 (PX-107), described as "a document that was used as part of daily intel briefs prepared by the intel section of the [Emergency Operations Center]" for Region IX. *See id.* at 487.

f.      Plaintiff's Exhibit 109 (PX-109), Bates No. CBP_0012331, "12.18.18 email from M. Haro re: FW: Target profiles." *See id.* at 513–14.

3

g.     Joint Exhibit 351 (JX-351), Bates No. CBP 0000783-8220, "Emergency Operations Center - Region IX Update." *See id.* at 556–58.

39.    To the extent not already responsive to Plaintiffs' First Requests for Production, Documents, including Communications, concerning any Journalist or member of the Media in connection with the following alleged incidents:

a.     "[T]he November 25th incident where migrants attempted to run the U.S. border and were apprehended by Border Patrol Agents," referenced in: CBP and DHS TECS Person Query for Go Nakamura, at 4 (Bates No. CBP_000665); and Incident Log Report for Ariana Francesca Drehsler at 2–3 (Bates No. CBP_000802–CBP_000803). As it relates to this alleged incident, this Request applies to Documents, including Communications, during the period of November 24, 2018 through November 30, 2018.

b.     "[T]he incident on January 1, 2019 when more than 100 Migrants threw rocks at Border Patrol Agents and tried to illegally cross the U.S. Border," leading "Border Patrol Agents [to] fire[] tear gas," referenced in: "Second Field Encounter with Ariana Francesca Drehsler," at 2 (Bates No. CBP_000738). As it relates to this alleged incident, this Request applies to Documents, including Communications, during the period of December 30, 2018 through January 5, 2019.

c.     "[T]he Protest held at Friendship Park, where at least 30 faith leaders were arrested by Border Patrol," referenced in: "Field Encounter with Ariana Francesca Drehsler," at 2 (Bates No. CBP_000785). As it relates to this alleged incident, this Request applies to Documents, including

Communications, during the period of one week prior to the incident through five days after the incident.

d.    The incident on December 26, 2018 "at approximately 1845 hours" when "IMB Station requested FOB's assistance in dispersing a group of approximately 20 to 30 migrants from [redacted] in Zone one of the IMB AOR," which included "individuals from the media within the group," referenced in: "Members of the Media Possibly Aiding Subjects from the Migrant Caravan to Jump the Border Fence," at 3 (Bates No. CBP_000819). As it relates to this alleged incident, this Request applies to Documents, including Communications, between the period of December 25, 2018 through December 31, 2018.

40.    To the extent not already responsive to Plaintiffs' First Requests for Production, the email excerpted in paragraph 28 of the Complaint, which contains the subject line "Continued Requests for CI Information/Intel on Incoming Migrant Caravan," together with any forwards of or replies to that email and any attachments to each of those Communications.

41.    To the extent not already responsive to Plaintiffs' First Requests for Production, the Documents, including Communications, identified by Defendants as responsive to the Freedom of Information Act ("FOIA") requests by NBC 7 San Diego, Tom Jones, and the Reporters Committee for Freedom of the Press made on or about March 12, 2019, which are the subject of FOIA litigation in *NBC San Diego, et. al. v. United States Department of Homeland Security, et. al.*, No. 1:19-cv-01146-RBW (D.D.C.). *See id.*, Complaint at 5–8, ECF No. 1, (describing the FOIA requests); *id.*, Order, ECF No. 59 (ordering additional FOIA searches,

review, and production). This Request seeks the responsive Documents, including

Communications, without FOIA redactions.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BING GUAN, GO NAKAMURA, MARK ABRAMSON,
KITRA CAHANA, and ARIANA DREHSLER,

                    Plaintiffs,

         v.

ALEJANDRO MAYORKAS, Secretary of the U.S.
Department of Homeland Security, in his official capacity;
CHRIS MAGNUS, Commissioner of the U.S. Customs and
Border Protection, in his official capacity; TAE JOHNSON,
Acting Director of the U.S. Immigration and Customs
Enforcement, in his official capacity,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action
No. 19-CV-6570

(Chen, J.)
(Henry, M.J.)

## DEFENDANTS' RESPONSES AND OBJECTIONS TO
## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANTS

      Defendants Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security

("DHS"), in his official capacity; Chris Magnus, Commissioner of the U.S. Customs and Border

Protection ("CBP"), in his official capacity; and Tae Johnson, Acting Director of the U.S.

Immigration and Customs Enforcement ("ICE"), in his official capacity, by their attorney, Breon

Peace, United States Attorney for the Eastern District of New York, David A. Cooper and Ekta R.

Dharia, Assistant United States Attorneys, and Mary McGarvey-DePuy, Special Assistant United

States Attorney, of counsel, hereby submit, upon information and belief, their responses to

Plaintiffs' First Request for Production to Defendants ("Plaintiffs' Document Requests"), dated

December 30, 2021, as follows.

extent that it is duplicative of Plaintiffs' Document Request Nos. 7 through 10.  Defendants object to this request to the extent it calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation.  Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks documents regarding individuals in the PowerPoint other than Plaintiffs. Defendants object to the extent this request seeks records that are not in the possession of Defendants.  Defendants also object to this request on the grounds that it fails to specify any time limitation and, as such, is unduly burdensome.  Defendants further object to this request to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege. Defendants also object to this request to the extent that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiving or in any way limiting these objections, and interpreting the term Operation Secure Line as defined by Defendants above, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are searching for documents responsive to this request, and will supplement this response by producing any non-privileged, responsive documents related to any other lists or databases of persons of individuals created in connection with Operation Secure Line concerning Plaintiffs to the extent they apply to Plaintiffs' activities alleged in the Complaint.

**REQUEST NO. 14:**

Documents, including Communications, sufficient to show the function and institution of alerts, flags, lookouts, or similar notices (however denominated) on persons' passports generally,

including the alerts referenced in the OSL Targeting List.

**RESPONSE:**

Defendants object to Plaintiffs' characterization of the PowerPoint entitled "San Diego Sector Foreign Operations Branch: Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Instigators and Media," as the "OSL Targeting List" in the Definitions section of Plaintiffs' Document Requests. Defendants object to this request as vague and ambiguous as it does not define the terms "generally," "alerts," "flags," or "similar notices (however denominated)." Further, the use of an "alert," "flag," or "similar notice" on a traveler's passport is not defined, and such terminology is not formally used by Defendants to describe any type of law enforcement procedure. Defendants also object to this request on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation. Defendants further object to this request as overbroad and unduly burdensome to the extent it seeks documents regardless of whether the documents concern Plaintiffs or the allegations in Plaintiffs' Complaint. Defendants also object to this request on the grounds that it fails to specify any time limitation and, as such, is unduly burdensome. Defendants further object to this request to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege. Defendants also object to this request to the extent that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiving or in any way limiting these objections, and based on the assumption that this request is referring to "lookouts" created in the CBP Systems of Record, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows:

Defendants are searching for documents responsive to this request, and will supplement this response by producing any non-privileged, responsive documents that generally describe CBP policy regarding the use of TECS lookouts.

**REQUEST NO. 15:**

All Documents, including Communications, concerning Bing Guan from 2017 to present, including those reflecting or concerning:

a. Any alerts, flags, lookouts, or similar notices (however denominated) regarding Bing Guan's passport;

b. Bing Guan's status or privileges under any DHS Trusted Traveler program, including whether any Defendant at any time considered suspending, canceling, or denying an application for the same;

c. Bing Guan's inclusion on the OSL Targeting List;

d. Any Government Action against or involving Bing Guan;

e. Any email, text, WhatsApp, or other message mentioning Bing Guan, whether sent using official or private means, between Defendants or their agents and any third party (such as foreign law enforcement entities or agents);

f. The incidents involving Mexican authorities on or about December 27, 2018, and August 26, 2019, described in Paragraphs 43 and 53 of the Complaint;

g. The screening, detention, or interview of Bing Guan at the San Ysidro Port of Entry on or about December 29, 2018, as described in Paragraphs 44–52 of the Complaint, including the ICE Report of Investigation, and any video, audio recordings, or photographs, documenting the same; and

h. Any other record or message sent to, created by, or maintained by the San Diego Field Offices of U.S. Customs and Border Protection and/or U.S. Immigration and Customs Enforcement concerning Bing Guan.

**RESPONSE:**

Defendants object to Plaintiffs' characterization of the PowerPoint entitled "San Diego Sector Foreign Operations Branch: Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Instigators and Media," as the "OSL Targeting List" in the Definitions section of Plaintiffs' Document Requests.   Defendants object to this request, and its subparts, on the grounds that it is vague and ambiguous as it does not define the terms  "alerts," "flags," or "similar notices (however denominated)."  Defendants object to this request, and its subparts, on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation. Defendants also object to this request, and its subparts, to the extent it is duplicative of Plaintiffs' Document Request Nos. 8 and 10.  Defendants further object to the extent this request, and its subparts, seeks records that are not in the possession of Defendants.  Defendants further object to this request, and it subparts, to the extent that it seeks ESI not reasonably accessible to Defendants, including, but not limited to, voicemail messages, text messages, instant messages, WhatsApp messages, and data stored on smartphones.  Defendants further object to subpart (b) of this request as overbroad and disproportionate to the needs of the litigation in that, although Document Request No. 15 sets a temporal limit from 2017 to the present, this sub-request asks for information without any temporal limit by "including whether any Defendant at any time considered suspending, canceling, or denying an application" for any DHS Trusted Traveler program. Defendants further object to this request, and its subparts, to the extent it seeks information protected by the law

22

enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege. Defendants also object to this request, and its subpats, to the extent that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiving or in any way limiting these objections, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are producing documents responsive to this request, bearing Bates Stamp Nos. CBP_000001 to CBP_0000007. These documents are marked as "CONFIDENTIAL" and are subject to the Protective Order entered into in this case. Defendants are searching for additional documents responsive to this request, and will produce any additional non-privileged, responsive documents located.

**REQUEST NO. 16:**

All Documents, including Communications, concerning Go Nakamura from 2017 to present, including those reflecting or concerning:

a. Any alerts, flags, lookouts, or similar notices (however denominated) regarding Go Nakamura's passport;

b. Go Nakamura's status or privileges under any DHS Trusted Traveler program, including whether any Defendant at any time considered suspending, canceling, or denying an application for the same;

c. Go Nakamura's inclusion on the OSL Targeting List;

d. Any Government Action against or involving Go Nakamura;

e. Any email, text, WhatsApp, or other message mentioning Go Nakamura, whether sent

using official or private means, between Defendants or their agents and any third party (such as foreign law enforcement entities or agents);

f. The incidents involving Mexican authorities on or about December 27, 2018, and July 2019, described in Paragraphs 66 and 75 of the Complaint;

g. The screening, detention, or interview of Go Nakamura at the San Ysidro Port of Entry on or about December 29, 2018, described in Paragraphs 67–74 of the Complaint, including the ICE Report of Investigation, and any video, audio recordings, or photographs, documenting the same; and

h. Any other record or message sent to, created by, or maintained by the San Diego Field Offices of U.S. Customs and Border Protection and/or U.S. Immigration and Customs Enforcement concerning Go Nakamura.

**RESPONSE:**

Defendants object to Plaintiffs' characterization of the PowerPoint entitled "San Diego Sector Foreign Operations Branch: Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Instigators and Media," as the "OSL Targeting List" in the Definitions section of Plaintiffs' Document Requests.   Defendants object to this request, and its subparts, on the grounds that it is vague and ambiguous as it does not define the terms  "alerts," "flags," or "similar notices (however denominated)."  Defendants object to this request, and its subparts, on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation. Defendants also object to this request, and its subparts, to the extent it is duplicative of Plaintiffs' Document Request Nos. 8 and 10.  Defendants further object to the extent this request, and its subparts, seeks records that are not in the possession of Defendants.  Defendants further object to

this request to the extent that it seeks ESI not reasonably accessible to Defendants, including, but not limited to, voicemail messages, text messages, instant messages, WhatsApp messages, and data stored on smartphones.  Defendants further object to subpart (b) of this request as overbroad and disproportionate to the needs of the litigation in that, although Document Request No. 16 sets a temporal limit from 2017 to the present, this sub-request asks for information without any temporal limit by "including whether any Defendant at any time considered suspending, canceling, or denying an application" for any DHS Trusted Traveler program.  Defendants further object to this request, and its subparts, to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege.  Defendants also object to this request, and its subparts, to the extent that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiving or in any way limiting these objections, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are producing documents responsive to this request, bearing Bates Stamp Nos. CBP_000008 to CBP_0000017.  These documents are marked as "CONFIDENTIAL" and are subject to the Protective Order entered into in this case.  Defendants are searching for additional documents responsive to this request, and will produce any additional non-privileged, responsive documents located.

**REQUEST NO. 17:**

All Documents, including Communications, concerning Mark Abramson from 2017 to present, including those reflecting or concerning:

a. Any alerts, flags, lookouts, or similar notices (however denominated) regarding Mark Abramson's passport;

b. Mark Abramson's status or privileges under any DHS Trusted Traveler program, including whether any Defendant at any time considered suspending, canceling, or denying an application for the same;

c. Mark Abramson's inclusion on the OSL Targeting List and the notations on that list regarding Mark Abramson;

d. Any Government Action against or involving Mark Abramson;

e. Any email, text, WhatsApp, or other message mentioning Mark Abramson, whether sent using official or private means, between Defendants or their agents and any third party (such as foreign law enforcement entities or agents);

f. The incident involving Mexican authorities on or about December 27, 2018, described in Paragraph 88 of the Complaint;

g. The screening, detention, or interview of Mark Abramson at the San Ysidro Port of Entry on or about January 5, 2019, described in Paragraphs 89–95 of the Complaint, including the ICE Report of Investigation, and any video, audio recordings, or photographs, documenting the same; and

h. Any other record or message sent to, created by, or maintained by the San Diego Field Offices of U.S. Customs and Border Protection and/or U.S. Immigration and Customs Enforcement concerning Mark Abramson.

**RESPONSE:**

Defendants object to Plaintiffs' characterization of the PowerPoint entitled "San Diego Sector Foreign Operations Branch: Migrant Caravan FY-2019, Suspected Organizers,

Coordinators, Instigators and Media," as the "OSL Targeting List" in the Definitions section of Plaintiffs' Document Requests.   Defendants object to this request, and its subparts, on the grounds that it is vague and ambiguous as it does not define the terms  "alerts," "flags," "similar notices (however denominated)" or "notations."  Defendants object to this request, and its subparts, on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation. Defendants also object to this request, and its subparts, to the extent it is duplicative of Plaintiffs' Document Request Nos. 8 and 10.  Defendants further object to this request to the extent that it seeks ESI not reasonably accessible to Defendants, including, but not limited to, voicemail messages, text messages, instant messages, WhatsApp messages, and data stored on smartphones. Defendants further object to subpart (b) of  this request as overbroad and disproportionate to the needs of the litigation in that, although Plaintiffs' Document Request No. 17 sets a temporal limit from 2017 to the present, this sub-request asks for information without any temporal limit by "including whether any Defendant at any time considered suspending, canceling, or denying an application" for any DHS Trusted Traveler program. Defendants further object to this request, and its subparts, to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege. Defendants further object to the extent this request, and its subparts, seeks records that are not in the possession of Defendants.    Defendants also object to this request, and its subparts, to the extent that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiving or in any way limiting these objections, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are

producing documents responsive to this request, bearing Bates Stamp Nos. CBP_000018 to CBP_000024. These documents are marked as "CONFIDENTIAL" and are subject to the Protective Order entered into in this case. Defendants are searching for additional documents responsive to this request, and will produce any additional non-privileged, responsive documents located.

**REQUEST NO. 18:**

All Documents, including Communications, concerning Kitra Cahana from 2017 to present, including those reflecting or concerning:

a. Any alerts, flags, lookouts, or similar notices (however denominated) regarding Kitra Cahana's passport;

b. Kitra Cahana's status or privileges under any DHS Trusted Traveler program, including whether any Defendant at any time considered suspending, canceling, or denying an application for the same;

c. Kitra Cahana's inclusion on the OSL Targeting List;

d. Any Government Action against or involving Kitra Cahana;

e. Any email, text, WhatsApp, or other message mentioning Kitra Cahana, whether sent using official or private means, between Defendants or their agents and any third party (such as foreign law enforcement entities or agents);

f. The incidents involving Mexican authorities on or about December 27, 2018, January 17–18, 2019, and January 26, 2019, described in Paragraphs 107, 113–117, and 121 of the Complaint;

g. The screening, detention, or interview of Kitra Cahana at the Montreal Port of Entry on

28

or about January 17, 2019, and the Detroit Port of Entry on or about January 18, 2019, described in Paragraphs 109–112 and 118–120 of the Complaint, including the ICE Report of Investigation, and any video, audio recordings, or photographs, documenting the same; and

h. Any other record or message sent to, created by, or maintained by the Montreal preclearance facility, the Detroit Field Offices of U.S. Customs and Border Protection and/or U.S. Immigration and Customs Enforcement, and the Boston Field Offices of U.S. Customs and Border Protection and/or U.S. Immigration and Customs Enforcement concerning Kitra Cahana.

**RESPONSE:**

Defendants object to Plaintiffs' characterization of the PowerPoint entitled "San Diego Sector Foreign Operations Branch: Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Instigators and Media," as the "OSL Targeting List" in the Definitions section of Plaintiffs' Document Requests.   Defendants object to this request, and its subparts, on the grounds that it is vague and ambiguous as it does not define the terms  "alerts," "flags," or "similar notices (however denominated)."  Defendants object to this request, and its subparts, on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation. Defendants also object to this request, and its subparts, to the extent it is duplicative of Plaintiffs' Document Request Nos. 8 and 10.  Defendants further object to the extent this request, and its subparts, seeks records that are not in the possession of Defendants.  Defendants further object to this request to the extent that it seeks ESI not reasonably accessible to Defendants, including, but not limited to, voicemail messages, text messages, instant messages, WhatsApp messages, and data

stored on smartphones.  Defendants further object to subpart (b) of  this request as overbroad and disproportionate to the needs of the litigation in that, although Plaintiff's Document Request No. 18 sets a temporal limit from 2017 to the present, this sub-request asks for information without any temporal limit by "including whether any Defendant at any time considered suspending, canceling, or denying an application" for any DHS Trusted Traveler program.  Defendants further object to this request, and its subparts, to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege. Defendants also object to this request, and its subparts, to the extent that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiving or in any way limiting these objections, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are producing documents responsive to this request, bearing Bates Stamp Nos. CBP_000025 to CBP_0000035.  These documents are marked as "CONFIDENTIAL" and are subject to the Protective Order entered into in this case.  Defendants are searching for additional documents responsive to this request, and will produce any additional non-privileged, responsive documents located.

**REQUEST NO. 19:**

All Documents, including Communications, concerning Ariana Drehsler from 2017 to present, including those reflecting or concerning:

a. Any alerts, flags, lookouts, or similar notices (however denominated) regarding Ariana Drehsler's passport;

30

b. Ariana Drehsler's status or privileges under any DHS Trusted Traveler program, including whether any Defendant at any time considered suspending, canceling, or denying an application for the same;

c. Ariana Drehsler's inclusion on the OSL Targeting List;

d. Any Government Action against or involving Ariana Drehsler;

e. Any email, text, WhatsApp, or other message mentioning Ariana Drehsler, whether sent using official or private means, between Defendants or their agents and any third party (such as foreign law enforcement entities or agents);

f. The screening, detention, and/or interview of Ariana Drehsler at the San Ysidro Port of Entry on or about December 30, 2018, January 2, 2019, and January 4, 2019, described in Paragraphs 133–150 of the Complaint, including the ICE Report of Investigation, and any video, audio recordings, or photographs, documenting the same; and

g. Any other record or message sent to, created by, or maintained by the Montreal preclearance facility and the San Diego Field Offices of U.S.  Customs and Border Protection and/or U.S. Immigration and Customs Enforcement concerning Ariana Drehsler.

**RESPONSE:**

Defendants object to Plaintiffs' characterization of the PowerPoint entitled "San Diego Sector Foreign Operations Branch: Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Instigators and Media," as the "OSL Targeting List" in the Definitions section of Plaintiffs' Document Requests.   Defendants object to this request, and its subparts, on the grounds that it is vague and ambiguous as it does not define the terms  "alerts," "flags," or "similar notices (however denominated)."  Defendants object to this request, and its subparts, on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents

that are not relevant and/or not important to resolving the matters at issue in this litigation. Defendants also object to this request, and its subparts, to the extent it is duplicative of Plaintiffs' Document Request Nos. 8 and 10. Defendants further object to the extent this request, and its subparts, seeks records that are not in the possession of Defendants. Defendants further object to this request to the extent that it seeks ESI not reasonably accessible to Defendants, including, but not limited to the following: voicemail messages, text messages, instant messages, WhatsApp messages, and data stored on smartphones. Defendants further object to subpart (b) of this request as overbroad and disproportionate to the needs of the litigation in that, Plaintiffs' Document Request No. 19 sets a temporal limit from 2017 to the present, this sub-request asks for information without any temporal limit by "including whether any Defendant at any time considered suspending, canceling, or denying an application" for any DHS Trusted Traveler program. Defendants further object to this request, and its subparts, to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege. Defendants also object to this request, and its subparts, to the extent that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

Subject to and without waiving or in any way limiting these objections, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are producing documents responsive to this request, bearing Bates Stamp Nos. CBP_000036 to CBP_0000050. These documents are marked as "CONFIDENTIAL" and are subject to the Protective Order entered into in this case. Defendants are searching for additional documents responsive to this request, and will produce any additional non-privileged, responsive documents located.

above, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are searching for documents responsive to this request, and will supplement this response by producing any non-privileged, responsive documents located concerning Plaintiffs and the PowerPoint.

**REQUEST NO. 29:**

All Documents, including Communications, provided to, reviewed, referenced, or generated by the Department of Homeland Security's Office of the Inspector General ("OIG") in connection with, or otherwise concerning, the internal investigation reflected in the report entitled "CBP Targeted Americans Associated with the 2018-2019 Migrant Caravan," OIG-21-62, dated Sept. 20, 2021 (the "OIG Report"), including:

a. The 1990 TECS directive, and the statements by "a high-level EOC official" who "confirmed that CBP officials should reevaluate lookouts after every inspection";

b. Documents concerning OIG's conclusion that persons were subjected to "repeated and unnecessary secondary inspections";

c. Documents concerning OIG's conclusion that "in some instances, CBP's inspections were not consistent with the purported purpose of the lookouts";

d. Documents concerning the identity and conduct of "EOC Official 1" who "placed lookouts on the five journalists";

e. Documents concerning the identity and conduct of the "CBP intelligence official who was not part of the EOC," who "placed a lookout on a journalist after finding a YouTube video of his coverage of the January 1, 2019 border incursion";

f. Documents concerning whether any of Plaintiffs were among the U.S. citizens for whom

44

any CBP official shared names or personal information with Mexican authorities, or asked Mexican authorities to deny entry;

g. Documents concerning the identity and conduct of "FOB Official 1"; "another CBP official who drafted the email" of FOB Official 1; "a third CBP official who was copied on FOB Official's 1 email"; "EOC Official 2"; "EOC Official 3"; "EOC Official 3's supervisor (EOC Official 4)"; "FOB Official 2"; "FOB Official 3"; "EOC Official 4"; and "the NTC Official," described in pages 17–29 of the OIG Report.

h. The policies, practices, and procedures referred to in pages 17–29 of the OIG Report.

**RESPONSE:**

Defendants object to this request, and its subparts, to the extent it requires discovery of documents that are in the possession, custody, or control of the DHS Office of Inspector General ("DHS-OIG"), which is not a named party to this action. Defendants further object to this request, and its subparts, to the extent it seeks information protected by the law enforcement privilege, deliberative process privilege, attorney client privilege, work product doctrine, or other applicable privilege. Defendants also object to this request on the grounds that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a) and the Inspector General Act of 1978. Defendants also object to this request, and its subparts, on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents that are not relevant and/or not important to resolving the matters at issue in this litigation. Defendants object to the request, and its subparts, as overbroad and unduly burdensome to the extent that it seeks documents regardless of whether those documents concern Plaintiffs or the allegations in Plaintiffs' Complaint. Defendants further object to this request, and its subparts, on the grounds that it is vague and ambiguous as it does not

define the terms "provided to," "reviewed," "referenced," "generated by," "otherwise concerning," "TECS," "secondary inspections," "identity and conduct," "EOC," "statements," "conclusion," "shared," "personal information," "Mexican authorities," "deny entry," "drafted," "copied on," "policies," "practices," or "procedures."   Defendants also object to this request on the grounds that it fails to specify any time limitation and, as such, is unduly burdensome.

Subject to and without waiving or in any way limiting these objections, and subject to the withholding of information protected from disclosure by law, including but not limited to, the Inspector General Act of 1978, Defendants respond in accordance with Rule 34 of the Federal Rules of Civil Procedure as follows: Defendants are searching for documents responsive to this request, and will supplement this response by producing any non-privileged, responsive documents located, to the extent they apply to Plaintiffs' activities alleged in the Complaint.

**REQUEST NO. 30:**

To the extent not already responsive to these Requests, all Documents, including Communications, that fall within the scope of these Requests and were created, sent, received, or maintained by the persons identified in the OIG Report as "FOB Official 1"; "FOB Official 2"; "FOB Official 3"; and "the NTC Official," including by means of those persons' email accounts, mobile devices, WhatsApp, or other messaging services, whether official or personal.

**RESPONSE:**

Defendants object to this request on the grounds that it is vague and ambiguous as it does not define the terms, "fall within the scope," "created," "sent," "received," "maintained," "FOB," "NTC," or "other messaging services."  Defendants also object to this request on the grounds that it is overly broad and disproportionate to the needs of the case in that the request calls for documents

46

Dated: January 31, 2022
      Brooklyn, New York

BREON PEACE
United States Attorney
Eastern District of New York
*Attorney for Defendants*
271-A Cadman Plaza East
Brooklyn, New York 11201

By:      /s/  Ekta R. Dharia
EKTA R. DHARIA
DAVID A. COOPER
Assistant United States Attorneys
MARY MCGARVEY-DEPUY
Special Assistant U.S. Attorney
(718) 254-7520
(718) 254-7520
(631) 487-1052
ekta.dharia@usdoj.gov
david.cooper4@usdoj.gov
mary.mcgarvey-depuy@usdoj.gov

To:    **By E-Mail**

Mitra Ebadolahi
Emily Child
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
mebadolahi@aclusandiego.org
echild@aclusandiego.org

Anthony Gemmell
Christopher Dunn
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
agemmell@nyclu.org
cdunn@nyclu.org

Esha Bhandari
Scarlet Kim
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
scarletk@aclu.org
ebhandari@aclu.org

C. William Phillips
Andrew W. Hahn
Megan A. Crawley
COVINGTON & BURLING LLP
cphillips@cov.com
ahahn@cov.com
mcrawley@cov.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BING GUAN, GO NAKAMURA, MARK ABRAMSON,
KITRA CAHANA, and ARIANA DREHSLER,

                Plaintiffs,

        v.

ALEJANDRO MAYORKAS, Secretary of the U.S.
Department of Homeland Security, in his official capacity;
TROY MILLER, Acting Commissioner of the U.S. Customs
and Border Protection, in his official capacity; TAE
JOHNSON, Acting Director of the U.S. Immigration and
Customs Enforcement, in his official capacity,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action
No. 19-CV-6570

(Chen, J.)
(Henry, M.J.)

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION

Defendants Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security

("DHS"), in his official capacity; Troy Miller, Acting Commissioner of the U.S. Customs and

Border Protection ("CBP"), in his official capacity; and Tae Johnson, Acting Director of the U.S.

Immigration and Customs Enforcement ("ICE"), in his official capacity, by their attorney, Breon

Peace, United States Attorney for the Eastern District of New York, Ekta R. Dharia, Assistant

United States Attorney, of counsel, hereby submit, upon information and belief, their responses

to Plaintiffs' Second Request for Production of Documents ("Plaintiffs' Second Document

Requests"), dated March 1, 2023, as follows.

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to supplement, clarify, revise, or correct any or all of

d.      The right at any time to supplement or amend this response.


**RESPONSES TO PLAINTIFFS'**
**SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 38:**

To the extent not already responsive to Plaintiffs' First Requests for Production, the Documents enumerated below, which were exhibits admitted into evidence in the proceeding *Dousa v. U.S. Department of Homeland Security*, No. 3:19-cv-01255-TWR-KSC (S.D. Cal.), together with any attachments to those Documents.

a.  Plaintiff's Exhibit 5 (PX-5), Bates No. CBP00003532, "1.10.2019: Email from J. Rodriguez re: Caravan Organizers." *See id.*, Reporter's Transcript of Proceedings, Bench Trial – Day Two, ECF No. 143 at 311–12.

b.  Plaintiff's Exhibit 14 (PX-14), Bates No. ICE_0000128-3l, "US Customs and Border Protection LFC Region IX EOC Photos of Individuals." *See id.*, Reporter's Transcript of Proceedings, Bench Trial – Day Three, ECF No. 144 at 503–05.

c.  Plaintiff's Exhibit 39 (PX-39), Bates No. CBP 0012085-89, "12.03.18 Email from M. Haro re: Region IX EOC Organizers line up." *See id.* at 507–08.

d.  Plaintiff's Exhibit 64 (PX-64), Bates No. ICE_0000126-27, "12.03.2018 Email from E. Torregrosa re: Region IX EOC - Caravan organizers lineup." *See id.* at 505–07.

e.  Plaintiff's Exhibit 107 (PX-107), described as "a document that was used as part of daily intel briefs prepared by the intel section of the [Emergency Operations Center]" for Region IX. *See id.* at 487.

f.  Plaintiff's Exhibit 109 (PX-109), Bates No. CBP_0012331, "12.18.18 email from M.

Haro re: FW: Target profiles." *See id.* at 513–14.

g.  Joint Exhibit 351 (JX-351), Bates No. CBP 0000783-8220, "Emergency Operations Center - Region IX Update." *See id.* at 556–58.

**RESPONSE:**

Defendants object to this request, and its subparts, to the extent that it seeks documents that are not relevant to any party's claims or defenses and/or not important to resolving the matters at issue in this litigation.  Defendants further object to this request, and its subparts, because it seeks documents that are part of the public record and are as readily available to Plaintiffs as to Defendants.  Defendants also object to this request, and its subparts, as overbroad.  Defendants also object to this request, and its subparts, on the grounds that it purports to impose burdens going beyond the duty to respond as set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure. Defendants further object to this request, and its subparts, to the extent it seeks documents governed by a protective order and/or confidentiality order prohibiting disclosure.  Defendants also object to this request, and its subparts, on the grounds that it is unduly burdensome to the extent that it seeks documents that do not contain the search terms negotiated by the parties.  Defendants also object to this request, and its subparts, to the extent that it seeks documents that would be responsive to a search of the term "migrant caravan," which the parties agreed not to utilize as a search term in this case.  Defendants also object to this request, and its subparts, to the extent it seeks "documents concerning Operation Secure Line," which the Court denied in its October 14, 2022 order in this case.

On the basis of these objections, Defendants will not produce any additional documents.

6

object to this request to the extent that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a). Defendants further object to this request, and its subparts, to the extent that it seeks ESI not reasonably accessible to Defendants, including, but not limited to, voicemail messages, text messages, instant messages, WhatsApp messages, and data stored on smartphones.

On the basis of these objections, Defendants will not produce any additional documents.


**REQUEST NO. 40:**

To the extent not already responsive to Plaintiffs' First Requests for Production, the email excerpted in paragraph 28 of the Complaint, which contains the subject line "Continued Requests for CI Information/Intel on Incoming Migrant Caravan," together with any forwards of or replies to that email and any attachments to each of those Communications.

**RESPONSE:**

Defendants object to this request to the extent that it seeks documents that are not relevant to any party's claims or defenses and/or not important to resolving the matters at issue in this litigation. Defendants also object to this request as overbroad and unduly burdensome. Defendants further object to this request to the extent that it seeks documents regarding matters that are part of the public record, or to the extent that the documents sought are as readily available to Plaintiffs as to Defendants. Defendants also object to this request on the grounds that it purports to impose burdens going beyond the duty to respond as set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure. Defendants also object to this request on the grounds that it is unduly burdensome to the extent that it seeks documents that do not contain the search terms negotiated by the parties. Defendants also object to this request to the extent that it seeks documents that would be responsive

9

to a search of the term "migrant caravan," which the parties agreed not to utilize as a search term in this case.   Defendants also object to this request to the extent it seeks "documents concerning Operation Secure Line," which the Court denied in its October 14, 2022 order in this case. Defendants further object to this request to the extent it seeks information or communications protected by the law enforcement privilege, deliberative process privilege, attorney-client privilege, work product doctrine, or other applicable privilege. Defendants also object to this request to the extent that it requests information or documents that are protected from disclosure by federal or state law, including but not limited to, the Privacy Act (5 U.S.C. § 552a).

On the basis of these objections, Defendants will not produce any additional documents.

**REQUEST NO. 41:**

To the extent not already responsive to Plaintiffs' First Requests for Production, the Documents, including Communications, identified by Defendants as responsive to the Freedom of Information Act ("FOIA") requests by NBC 7 San Diego, Tom Jones, and the Reporters Committee for Freedom of the Press made on or about March 12, 2019, which are the subject of FOIA litigation in *NBC San Diego, et. al. v. United States Department of Homeland Security, et. al.*, No. 1:19-cv-01146-RBW (D.D.C.). *See id.*, Complaint at 5–8, ECF No. 1, (describing the FOIA requests); *id.*, Order, ECF No. 59 (ordering additional FOIA searches, review, and production). This Request seeks the responsive Documents, including Communications, without FOIA redactions.

**RESPONSE:**

Defendants object to this request.   In effect, Plaintiffs are making a FOIA request through discovery by seeking the responses issued to the FOIA requests made by the plaintiffs in *NBC San Diego, et al. v. U.S. Department of Homeland Security, et al*.   Defendants further object to this

Dated: March 29, 2023
        Brooklyn, New York

BREON PEACE
United States Attorney
Eastern District of New York
*Attorney for Defendants*
271-A Cadman Plaza East
Brooklyn, New York 11201

By:      */s/ Ekta R. Dharia*
EKTA R. DHARIA
Assistant United States Attorney
(718) 254-7520
ekta.dharia@usdoj.gov

To:    **By E-Mail**
C. William Phillips
Andrew W. Hahn
Megan Crowley
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
cphillips@cov.com
ahahn@cov.com
mcrowley@cov.com

Esha Bhandari
Elizabeth Gyori
Scarlet Kim
Sarah Taitz
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
ebhandari@aclu.org
egyori@aclu.org
scarletk@aclu.org
staitz@aclu.org

Anthony Gemmell
Christopher Dunn
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10014
agemmell@nyclu.org
cdunn@nyclu.org

*Attorneys for Plaintiffs*

12