# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
T +1 212 841 1000

**By ECF**

January 31, 2024

Hon. Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: Guan, et al. v. Mayorkas, et al., No. 1:19-cv-06570 (PKC/MMH)**

Dear Judge Henry:

We write on behalf of Plaintiffs regarding developments in discovery that are relevant to Plaintiffs' motion to compel dated April 25, 2023, and in particular involve Defendants' refusal to provide complete answers to Interrogatory Nos. 1 and 5. *See* ECF 94 at 4–5. As explained below, Defendants continue to refuse to provide complete information, notwithstanding the late disclosure that ███████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

In particular, while Plaintiffs' motion has been pending, CBP provided a supplemental response to a separate interrogatory (Interrogatory No. 10) that was not the subject of Plaintiffs' motion. *See* Ex. 1 at 6–9. This supplemental response indicates that CBP is in possession of significant information identified during ████████████████████████████████ ████████████████████████████ that is responsive to Interrogatory Nos. 1 and 5, but which was not timely disclosed in response to those interrogatories, and the details of which *still* have not been meaningfully disclosed as called for by those interrogatories. Defendants' failure to provide complete information that is in their possession and responsive to Interrogatory Nos. 1 and 5 further supports Plaintiffs' motion to compel on those interrogatories.

## I. Background

Nearly two years ago, on April 20, 2022, Plaintiffs served a First Set of Interrogatories seeking basic information at the heart of this matter. Of relevance to this letter:

**Interrogatory No. 1** requests that Defendants identify communications between Defendants' agents and foreign government officials about any Plaintiff. *See* ECF 94-15 at 4. CBP's answer █████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ *Id.* at 10–11.

**Interrogatory No. 5** requests that Defendants identify documents or communications once possessed by Defendants regarding any Plaintiff or Operation Secure Line since 2018 that have become inaccessible or ceased to exist. *Id.* at 5. In response, CBP has ██████████████ ████████████████████████████████████████████████████████████

January 31, 2024
Page 2



ECF 96, Defendants' Sealed Exhibit C at Supplemental Answer Nos. 5 & 8.

On January 23, 2023, Plaintiffs served a Second Set of Interrogatories, including Interrogatory No. 10, requesting that CBP identify CBP agents, officers, or officials referred for or subject to discipline by OPR for improper disclosure of information concerning Plaintiffs or the subject matter of this lawsuit. Ex. 2 at 5. CBP's original response ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 3 at 14–15. During the parties' meet-and-confer sessions prior to the motion to compel, CBP agreed to supplement its answer to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

In a supplemental answer served on June 29, 2023, after Plaintiffs' motion to compel, CBP disclosed for the first time that:

Ex. 1 at 6−9.

CBP further disclosed for the first time that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Id.* at 7−8.

On August 28, 2023, Plaintiffs requested that CBP explain why the underlying facts that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which are responsive to Interrogatory Nos. 1 and 5, had not been previously disclosed (and, as discussed below, the details of which still have not been meaningfully disclosed). On September 27, 2023, Defendants responded that "the information in Defendants' supplemental response to Interrogatory No. 10 (provided on June 29, 2023) was not known to Defendants at the time they responded to/supplemented Interrogatories Nos. 1 and 5 on May 20, 2022 and February 13, 2023." On October 25, 2023, Plaintiffs sent Defendants a draft of the instant letter and advised that they intended to file it. The parties thereafter met and conferred. Defendants requested the opportunity to investigate Plaintiffs' concerns raised in this letter, and advised that they would provide a response "within the next two weeks." After repeated follow-ups from Plaintiffs, Defendants finally stated on January 10, 2024, without further detail, simply: "After looking into the matter further, and based on the information we currently have, Defendants will not be supplementing our interrogatory responses at this time."

## II.     Defendants' Continued Incomplete Answers to Interrogatory Nos. 1 and 5

CBP's supplemental answer to Interrogatory No. 10 highlights the continuing deficiencies in Defendants' answers to Interrogatory Nos. 1 and 5, on which Plaintiffs have moved to compel. *See* ECF 94 at 4–5.

January 31, 2024
Page 3

**Additional Information Responsive to Interrogatory No. 1**. This interrogatory requests that Defendants "identify" communications between their agents and foreign government officials about Plaintiffs, including written and *non-written* communications. ECF 94-15 at 4. "Identify" is a defined term in Local Rule 26.3(c)(4), and expressly requires that certain details be disclosed. It is now apparent that ████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████. Yet CBP still has not disclosed the key details of these communications as called for by the interrogatory, such as by providing a list of the dates on which they occurred, the parties to the communications, or the subject matter of the communications. The precise timing and details of these communications are critical. Among other things, one of the Plaintiffs (Kitra Cahana) alleges that she was denied entry and detained overnight in Mexico on or about January 17, 2019, *at Defendants' request*—the very same time period in which it now appears likely that Defendants' agents were ████████████ ████████████████████████████████████████████████████ Indeed, CBP's supplemental response to Interrogatory No. 10 admits that ████████████████████ ████████████████████████████████████████████ Ex. 1 at 7. Plaintiffs are entitled to know ██████████████████████████████████████████████████ █████████████████████████████████████████████.

**Additional Information Responsive to Interrogatory No. 5**. This interrogatory requests that Defendants "identify" documents or communications once possessed by Defendants regarding any Plaintiff or Operation Secure Line that have become inaccessible or ceased to exist. ECF 94-15 at 5. It likewise is now apparent that ████████████████ ████████████████████████████████████████████████████████████ ████. Furthermore, as with Interrogatory No. 1, CBP has not disclosed the details of these lost records, such as by providing a list of the dates that ████████████████████ were sent, the parties to the communications, and the subject matter of the messages. Nor has CBP answered whether the ████████████████████████████████████████████████████ ████████ likewise exchanged communications relevant to this case that were lost.

**Reasonably Diligent Efforts**. FRCP 33 requires that a party undertake reasonably diligent efforts in responding to interrogatories. CBP has told Plaintiffs that it did not learn of the information in its supplemental response to Interrogatory No. 10 until some undisclosed time after it answered Interrogatory Nos. 1 and 5 on February 13, 2023. Regardless of when CBP learned of this additional information in connection with discovery in this case, there remains a significant question whether CBP's OPR possessed the facts underlying CBP's response to Interrogatory No. 10 before February 13, 2023, considering that ████████████████████ ██████████████████████████ and the OIG published its report seventeen months earlier on September 20, 2021. If CBP's OPR indeed had this information prior to February 13, 2023, CBP *should have learned of* such facts in connection with preparing its answers to Plaintiffs' interrogatories, and fully disclosed all responsive details at that time. CBP's apparent failure to do so raises a significant question whether there is yet other critical responsive information that CBP has not yet identified or disclosed.

Plaintiffs respectfully submit that these disclosures by CBP further support their motion to compel as to Interrogatory Nos. 1 and 5. Plaintiffs respectfully request that the motion be granted, and that the Court set a status conference to discuss completion of discovery (with the parties to submit a proposed schedule consistent with the Court's order dated July 24, 2023).

January 31, 2024
Page 4

Respectfully Submitted,

Andrew W. Hahn

cc:      All counsel of record by ECF
         (Counsel for Defendants also by Email)

Esha Bhandari
Scarlet Kim
Elizabeth Gyori
Shaiba Rather*
AMERICAN CIVIL LIBERTIES
      UNION FOUNDATION
125 Broad Street, 18th Floor
New York NY 10004
(212) 549-2500 (Telephone)
(212) 549-2583 (Fax)
ebhandari@aclu.org
scarletk@aclu.org
egyori@aclu.org
srather@aclu.org

C. William Phillips
Andrew W. Hahn
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000 (Telephone)
(646) 441-9081 (Fax)
cphillips@cov.com
ahahn@cov.com

Megan A. Crowley*
Daniel Grant*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000 (Telephone)
(202) 778-5112 (Fax)
mcrowley@cov.com

*Counsel for Plaintiffs*

*\*Admitted Pro Hac Vice*