# EXHIBIT 1
# (Redacted Copy)

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

BING GUAN, GO NAKAMURA, MARK ABRAMSON,
KITRA CAHANA, ARIANA DREHSLER,

          Plaintiffs,

v.

ALEJANDRO MAYORKAS, Secretary of the U.S.
Department of Homeland Security, in his official capacity;
TROY MILLER, Acting Commissioner of the U.S. Customs
and Border Protection, in his official capacity; TAE
JOHNSON, Acting Director of the U.S. Immigration and
Customs Enforcement, in his official capacity,

          Defendants.

Civil Action
No. 19-CV-6570

(Chen, J.)
(Henry, M.J.)

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

### DEFENDANT TROY MILLER'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Defendant Troy Miller, Acting Commissioner of the U.S. Customs and Border Protection ("CBP"), in his official capacity ("Defendant"), by his attorney, Breon Peace, United States Attorney for the Eastern District of New York, Ekta R. Dharia, Assistant United States Attorney, of counsel, upon information and belief, supplements his prior responses to Plaintiffs' Second Set of Interrogatories to Defendant CBP dated January 23, 2023 ("Plaintiffs' Second Interrogatories"), as follows.

### RESERVATION OF RIGHTS

Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses herein at any time. By making the following supplemental responses to Plaintiffs' Second Interrogatories, Defendant does not waive, and hereby expressly reserves, his rights to

1

assert any and all objections to the admissibility of such supplemental responses into evidence at the trial of this action, or in any other proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendant makes the supplemental responses herein without in any manner implying or admitting that the information sought in Plaintiffs' Second Interrogatories is relevant to any party's claims or defenses or material to the subject matter of this action.

## GENERAL STATEMENT

1. Defendant objects to Plaintiffs' Second Interrogatories to the extent they exceed the scope of discovery permissible under the Federal Rules of Civil Procedure ("Federal Rules") and to the extent they purport to impose burdens going beyond the duty to respond as set forth in Federal Rules 26 and 33 and the Local Rules for the United States District Courts for the Southern and Eastern Districts of New York.

2. Defendant objects to Plaintiffs' Second Interrogatories to the extent they request information that is subject to privilege, including but not limited to, the law enforcement privilege, the attorney-client privilege, the attorney work product privilege, the investigatory privilege, the self-critical analysis privilege, and/or the deliberative process privilege or was prepared in anticipation of litigation or for trial (*i.e.*, work product doctrine), or is protected from disclosure by the Privacy Act (5 U.S.C. § 552a) and/or any other federal or state statute, regulation, or executive order.

3. Defendant objects to Plaintiffs' Second Interrogatories to the extent that they purport to assume facts which are inaccurate, are argumentative, mischaracterize the position of Defendant, are so confusing or vague as not to be susceptible to a reasoned interpretation or

response, and/or are otherwise defective in form.

4. Defendant objects to Plaintiffs' Second Interrogatories to the extent they seek information that is not in the possession, custody, or control of CBP.

5. Defendant objects to Plaintiffs' Second Interrogatories to the extent that they seek identification of, or information concerning, electronically stored information ("ESI") in formats or on media that are not reasonably accessible because of the undue burden and cost associated with retrieving and producing the electronically stored information in the designated formats or media. Defendant further objects to Plaintiff's Interrogatories to the extent they seek ESI of the certain types that Defendant has already represented to Plaintiffs as not reasonably accessible to Defendant, including, but not limited to the following: backup data, voicemail messages, text messages, instant messages, WhatsApp messages, data stored on smartphones, deleted computer files, RAM data, certain legacy system files, and certain password protected files.

6. Defendant objects to Plaintiffs' Second Interrogatories to the extent that they fail to specify any time limitation, subject matter limitation, or geographical limitation and, as such, are (a) unduly burdensome and oppressive and would place upon Defendant an unreasonable burden of inquiry, or (b) so broad and vague as not to be susceptible of reasoned interpretation.

7. Defendant objects to Plaintiffs' Second Interrogatories to the extent that they seek information regarding matters that are part of the public record, or to the extent that the information sought is as readily available to Plaintiffs as to CBP.

8. Defendant objects to Plaintiffs' Second Interrogatories to the extent that they purport to (a) seek information that is not relevant to any party's claims or defenses in the present action, or (b) seek information that is disproportionate to the needs of the case.

9. Defendant objects to Plaintiffs' Second Interrogatories to the extent that the

information sought is within the possession of Plaintiffs.

10. Defendant objects to Plaintiffs' Second Interrogatories to the extent that they require Defendant to prematurely (a) draw a conclusion of law, (b) provide an opinion or contention that relates to fact or the application of law to fact, or (c) answer a contention interrogatory.

11. Defendant objects to Plaintiffs' Second Interrogatories to the extent that they seek information in the custody or control of the Office of Chief Counsel at CBP. Such files would predominantly, if not entirely, be covered by the attorney-client privilege and the attorney work product doctrine. Accordingly, searching such offices would be disproportionate to the needs of the case and unduly burdensome.

12. Defendant objects to the definition of CBP to the extent the definition includes any agent, contractors, or any subordinate agency or entity, on the ground that such a definition is overbroad and may include persons and entities that are not under the supervision or control of CBP.

13. Inadvertent production of any information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or other ground for objection to discovery with respect to that information during any proceeding in this litigation or otherwise.

14. Defendant's response to Plaintiffs' Second Interrogatories is made without waiving or intending to waive, but rather, to the contrary, preserving and intending to preserve:

    a. All objections to the relevance, authenticity, or admissibility of any information produced in response to this interrogatory. The supplying of any information does not constitute an admission by Defendant that such information is relevant, authentic, or admissible;

Case 1:19-cv-06570-PKC-MMH Document 111-1 Filed 02/09/24 Page 6 of 12 PageID #: 3111

To:    **By E-Mail**

C. William Phillips
Andrew W. Hahn
Megan Crowley
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018
cphillips@cov.com
ahahn@cov.com
mcrowley@cov.com

Esha Bhandari
Elizabeth Gyori
Scarlet Kim
Sarah Taitz
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
ebhandari@aclu.org
egyori@aclu.org
scarletk@aclu.org
staitz@aclu.org

Anthony Gemmell
Christopher Dunn
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10014
agemmell@nyclu.org
cdunn@nyclu.org

*Attorneys for Plaintiffs*