# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BING GUAN, GO NAKAMURA, MARK ABRAMSON, KITRA CAHANA, and ARIANA DREHSLER,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of the U.S. Department of Homeland Security, in his official capacity; TROY MILLER, Commissioner of U.S. Customs and Border Protection, in his official capacity; and TAE JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity,<br><br>Defendants. | No. 1:19-CV-6570 (PKC/MMH) |

**PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT CBP**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Bing Guan, Go Nakamura, Mark Abramson, Kitra Cahana, and Ariana Drehsler ("Plaintiffs") serve this Second Set of Interrogatories ("Interrogatories") on Defendant Troy Miller[1] ("Defendant"). Plaintiffs request that, within thirty (30) days of service of these Interrogatories, Defendant respond fully to the Interrogatories listed in Schedule A, attached, pursuant to the Definitions and Instructions set forth in Schedule B, attached, in writing and under oath, at the offices of Covington & Burling LLP, The New York Times Building, 620 Eighth Avenue, New York, NY, 10018, or at such other time and place as may be mutually agreed by the parties.

---

[1] Troy Miller has succeeded Commissioner Chris Magnus and is automatically substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

| | |
|---|---|
| Dated: January 23, 2023<br>New York, New York | By: /s/ Scarlet Kim<br>_____<br>Scarlet Kim |
| Anthony Gemmell<br>NEW YORK CIVIL LIBERTIES UNION<br>   FOUNDATION<br>125 Broad Street, 19th Floor<br>New York, NY 10004<br>(212) 607-3300 (Telephone)<br>(212) 607-3318 (Fax)<br>agemmell@nyclu.org | Esha Bhandari<br>Scarlet Kim<br>Elizabeth Gyori<br>AMERICAN CIVIL LIBERTIES UNION<br>   FOUNDATION<br>125 Broad Street, 18th Floor<br>New York NY 10004<br>(212) 549-2500 (Telephone)<br>(212) 549-2583 (Fax)<br>ebhandari@aclu.org<br>scarletk@aclu.org<br>egyori@aclu.org |
| | C. William Phillips<br>Megan A. Crowley*<br>Andrew W. Hahn<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eight Avenue<br>New York, NY 10018<br>(212) 841-1000 (Telephone)<br>(646) 441-9081 (Fax)<br>cphillips@cov.com<br>mcrowley@cov.com<br>ahahn@cov.com |
| *Admitted Pro Hac Vice | Counsel for Plaintiffs |

2

# SCHEDULE A
# INTERROGATORIES

**CBP INTERROGATORY NO. 6**

State the earliest date that Defendant anticipated any litigation by any person or entity concerning the OSL Targeting List.

**CBP INTERROGATORY NO. 7**

Describe the steps that Defendant took to determine whether any of the custodians who Defendant has identified as potentially possessing materials relevant to this Lawsuit, including the Disclosed Custodians, possesses potentially relevant documents or communications existing on government-issued mobile electronic devices, on personal electronic devices, in personal files, in Messaging Apps, or in a Non-Official Electronic Messaging Account (regardless of whether the Messaging App or Non-Official Electronic Messaging Account was accessed on a government-issued or personal electronic device). This Interrogatory applies to documents and communications created or sent from November 1, 2018, to the date of this Interrogatory.

**CBP INTERROGATORY NO. 8**

As to each of the Disclosed Custodians, state: (1) whether the custodian has represented to Defendant that he or she does not possess, as of the date the statement was made, any documents or communications that are potentially relevant to this Lawsuit existing on government-issued mobile electronic devices, on personal electronic devices, in personal files, in Messaging Apps, or in any Non-Official Electronic Messaging Account; and (2) the date that the representation was made.

**CBP INTERROGATORY NO. 9**

As to each custodian who made a representation identified in CBP Interrogatory No. 8, state whether the custodian ever possessed documents or communications concerning Plaintiffs, or otherwise containing information potentially relevant to this Lawsuit, existing on government-issued mobile electronic devices, on personal electronic devices, in personal files, in Messaging Apps, or in any Non-Official Electronic Messaging Account (regardless of whether the custodian currently possesses such documents or communications). This Interrogatory applies to documents and communications created or sent from November 1, 2018, to the date of this Interrogatory.

**CBP INTERROGATORY NO. 10**

Identify any CBP agents, officers, or officials who have been referred for or subject to discipline by the CBP Office of Professional Responsibility for improper disclosure of documents or communications containing confidential information, as governed by 19 C.F.R. § 103.34, concerning Plaintiffs or the subject matter of this Lawsuit. For each agent, officer, or official identified, describe the circumstances of the disciplinary action, including the identity of the officer or agent, the reason that a referral was made to the Office of Professional Responsibility, the findings by that office, and any disciplinary measures taken.

# SCHEDULE B
# DEFINITIONS

Unless the terms of a particular Interrogatory specifically indicate otherwise, the following definitions are applicable throughout these Interrogatories and are incorporated into each specific Interrogatory.

1.  The Uniform Definitions in Discovery Requests in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules") are incorporated herein, including the following definitions and rules of construction:

    a.  "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    b.  "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

    c.  "Identify," when referring to a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    d.  "Identify," when referring to documents, "means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together

5

        with identifying information sufficient to satisfy Rule 33(d) of the Federal Rules of Civil Procedure.

   e. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

   f. "Person" means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

   g. "Concerning" means relating to, referring to, describing, evidencing or constituting.

   h. "All," "any," and "each" shall each be construed as encompassing any and all.

   i. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

   j. Use of the singular form of any word includes the plural and vice versa.

2. "Complaint" means the Complaint in this Lawsuit.

3. "DHS" refers to United States Department of Homeland Security.

4. "Disclosed Custodians" means:

   a. As respects custodians identified by CBP:

- Craig Allen
- Johnny Armijo
- Leonardo Ayayla
- Ismael Beltran
- Paul Bertin
- Jose Buyson
- Michael Capparra

6

- Jesus C. Carrillo
- Carlos Castro
- Christopher Cline
- Stephen Crudale
- Debra Danisek
- Roberto Del Villar
- Pete Flores
- Kylvin Gomez
- Nicolas Gonzalez
- Taka Gordon
- Miguel Haro
- Randy Howe
- Mariana Kelemen
- Laszlo Kerekgyarto
- Marsela LaNier
- Joshua Laroche
- Mariza Marin
- Jaime Ochoa
- Saro Oliveri
- Maria Prasol
- Juan L. Rodriguez
- Chief Rodney Scott
- Marvin Steigerwald
- Veronica Thompson
- Roy Villareal

b. As respects custodians identified by ICE:

- Jared Barnes
- Lea DiSenso
- Prescott Lipe
- David Penta
- Wesley Petonak
- David Shaw
- Christian Whyte
- Ernest Verina

5. "CBP" refers to United States Customs and Border Protection.

6. "ICE" refers to United States Immigration and Customs Enforcement.

7. "Including," in all of its forms, means including without limitation.

7

8. "Journalist" or "Media" includes persons engaged in research, writing, or photography for broadcast or publication, including via the internet, as well as persons engaged in freelance photojournalism activities, like the Plaintiffs as described in the Complaint.

9. "Lawsuit" means the action captioned *Bing Guan, et al. v. Alejandro Mayorkas, et al.*, No. 1:19-CV-6570, pending in the United States District Court for the Eastern District of New York.

10. "Messaging App" means any desktop, mobile, or online application or account by which one or more individuals may send, receive, or store electronic messages other than email. The term "Messaging App" includes, but is not limited to, SMS text messages, iMessage, WhatsApp, Instagram Messenger, Facebook Messenger, Telegram, and Signal, regardless of whether the application or account is an official electronic messaging account or a Non-Official Electronic Messaging Account.

11. "Non-Official Electronic Messaging Account" means any desktop, mobile, or online application or account that is not an "official electronic messaging account" as referenced in 44 U.S.C. § 2911. The term "Non-Official Electronic Messaging Account" includes, but is not limited to, personal email accounts and personal Messaging Apps.

12. "OIG Report" means the Department of Homeland Security's Office of the Inspector report entitled "CBP Targeted Americans Associated with the 2018-2019 Migrant Caravan," OIG-21-62, dated Sept. 20, 2021.

13. "Operation Secure Line" or "OSL" means the operations, investigations, or programs described in paragraphs 27 to 38 of the Complaint.

14. "OSL Targeting List" means the databases or Documents described in Paragraphs 29–37 of the Complaint, including the database or Document entitled "San Diego Sector Foreign Operations Branch: Migrant Caravan FY-2019, Suspected Organizers, Coordinators, Investigators, and Media."

## INSTRUCTIONS

1.      These Interrogatories are continuing in nature and require the filing of supplemental answers to the extent required under the Federal Rules of Civil Procedure and the Local Rules.

2.      If an objection is made to any Interrogatory, the grounds for the objection and the category of information to which the objection applies should be stated with specificity and the Interrogatory should be answered insofar as it is not deemed objectionable.

3.      If any information called for by an Interrogatory is withheld on the ground that it is subject to the attorney-client privilege, the attorney work product doctrine, or any other privilege or exemption, Defendant shall, with respect to each such interrogatory or any portion or subpart of it, comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure and Local Civil Rule 26.2 of the United States District Courts for the Southern and Eastern Districts of New York, and provide all other information called for by the Interrogatory.

4.      If information and answers requested are neither known nor reasonably available in the precise manner requested or for the particular period specified, but can be answered and supplied partially or for a different but relevant date or period, Defendant shall set forth the best and most complete answer and information available, and state the reasons that the answer may not be fully responsive to the Interrogatory.

5.      Whenever necessary to bring within the scope of these Interrogatories any information that might otherwise be construed to be outside their scope, the use of any verb in any tense shall be construed as the use of that verb in all other tenses.

6.      References to any entity include the entity and any person or entity under its control, including any present and former component agencies, subsidiaries, predecessors, successors, officers, directors, agents, employees, shareholders, partnerships, general and limited partners thereof, and any aliases, code names, or trade or business names used by any of the foregoing.

7. References to any person include the person and any person or entity under that person's control, including all present and former component agencies, subsidiaries, predecessors, successors, officers, directors, agents, employees, shareholders, partnerships, general and limited partners thereof, and any aliases, code names, or trade or business names used by any of the foregoing.

8. Whenever an Interrogatory or subpart requests information with respect to "each" of a particular occurrence or type of occurrence, communication, document, individual, or other matter of which more than one exists, separately identify each separate occurrence, communication, individual, or other matter, and provide for each of them all of the information requested by the Interrogatory.

9. If, in responding to these Interrogatories, you perceive any Interrogatory, definition, or instruction to be vague, ambiguous, or overbroad, your response shall set forth the matter deemed vague, ambiguous, or overbroad; set forth the construction used in responding; and respond in full to the best of your ability.