UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BING GUAN, GO NAKAMURA, MARK ABRAMSON, KITRA CAHANA, and ARIANA DREHSLER,

                  Plaintiffs,

v.

KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in his official capacity; PETE R. FLORES, Acting Commissioner of U.S. Customs and Border Protection, in his official capacity; and CALEB VITELLO, Acting Director of U.S. Immigration and Customs Enforcement, in his official capacity,

                  Defendants.

No. 1:19-CV-06570 (PKC/MMH)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR REOPENING OR, IN THE ALTERNATIVE,
FOR RECONSIDERATION**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

LEGAL STANDARD............................................................................................................ 3

ARGUMENT ......................................................................................................................... 4

CONCLUSION ...................................................................................................................... 9

Case 1:19-cv-06570-PKC-MMH    Document 125-1    Filed 02/10/25    Page 2 of 15 PageID #: 3180

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Am. Express Fin. Advisors Sec. Litig.*,
 672 F.3d 113 (2d Cir. 2011) ................................................................................................... 5

*Catzin v. Thank You & Good Luck Corp.*,
 899 F.3d 77 (2d Cir. 2018) ..................................................................................................... 8

*Ethridge v. Bell*,
 49 F.4th 674 (2d Cir. 2022) .................................................................................................... 8

*Gonzales & Gonzales Bonds and Ins. Agency, Inc. v. Dep't of Homeland Sec.*,
 490 F.3d 940 (Fed. Cir. 2007) ................................................................................................ 6

*Hendrickson v. United States*,
 791 F.3d 354 (2d Cir. 2015) ............................................................................................... 5, 6

*Jewell v. Cnty. of Nassau*,
 917 F.2d 738 (2d Cir. 1990) ................................................................................................... 8

*Johnson v. Nyack Hosp.*,
 86 F.3d 8 (2d Cir. 1996) ......................................................................................................... 8

*Mason v. Carranzo*,
 2024 WL 3624058 (E.D.N.Y. Aug. 1, 2024) ......................................................................... 3

*Matarese v. LeFevre*,
 801 F.2d 98 (2d Cir. 1986) ..................................................................................................... 4

*Nat'l Petrochemical Co. of Iran v. The M/T Stolt Sheaf*,
 930 F.2d 240 (2d Cir. 1991) ................................................................................................... 4

*Polanco v. U.S. Drug Enf't Admin.*,
 158 F.3d 647 (2d Cir. 1998) ................................................................................................... 7

*Radack v. Norwegian America Line Agency, Inc.*,
 318 F.2d 538 (2d Cir. 1963) ................................................................................................... 4

*Rumsey v. New York State Dep't of Corr. Servs.*,
 580 F. Supp. 1052 (N.D.N.Y. 1984) ...................................................................................... 4

*United States v. U.S. Currency in Sum of Six Hundred Sixty Thousand, Two
 Hundred Dollars*, 429 F. Supp. 2d 577 (E.D.N.Y. 2006) ....................................................... 3

**Statutes**

28 U.S.C. § 2401(a) ...................................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 59(e) ........................................................................................................1, 3, 4, 9

Fed. R. Civ. P. 60(b) ............................................................................................................1, 4, 9

Local Civil Rule 6.3 .............................................................................................................1, 3, 4, 9

11 Wright & Miller, Federal Practice and Procedure § 2810.1 (3d ed.) .........................................3

Plaintiffs Bing Guan, Go Nakamura, Mark Abramson, Kitra Cahana, and Ariana Drehsler (together, the "Plaintiffs") respectfully move the Court for an order (1) reopening this action pursuant to the Court's Minute Order dated January 27, 2025 (the "Order"), or (2) in the alternative, granting reconsideration of the Court's Order and vacating that Order pursuant to Fed. R. Civ. P. 59(e), Fed. R. Civ. P. 60(b), and Local Civil Rule 6.3.

Prior to filing this motion, counsel for Plaintiffs advised counsel for Defendants of Plaintiffs' intention to seek reopening or reconsideration. Plaintiffs understand that Defendants take no position on this request for relief, while reserving the right to respond as appropriate.

## INTRODUCTION

In its January 27 Order, the Court ruled that "[i]n light of the parties' status report stating that they have reached a settlement in principle, the Court dismisses this action with leave to reopen within sixty (60) days if the settlement is not finalized." Plaintiffs appreciate and share the Court's desire to move this matter to an expeditious conclusion following the parties' settlement-in-principle, and are working diligently to do so. Nevertheless, Plaintiffs respectfully submit that the circumstances of this action and the parties' settlement-in-principle render the Court's January 27 Order premature, and that a dismissal of this action on the terms set forth in the Order runs a significant risk of prejudicing Plaintiffs' substantive rights and impairing Plaintiffs' ability to enforce the settlement relief should that ever become necessary.

Accordingly, Plaintiffs request that the Court reopen this action pending the parties' completion of their final written settlement agreement, or in the alternative reconsider and vacate the January 27 Order (which would have the same effect as reopening). Finally, if the Court wishes to hold this action in abeyance while the parties complete their final written settlement agreement, Plaintiffs submit that the better procedural approach under the circumstances would be to reopen this action, stay the case, and order a status report from the parties in 60 days.

**BACKGROUND**

Plaintiffs are five photojournalists who contend that Defendants unlawfully stopped and questioned them at the border in 2018–2019 as part of Operation Secure Line (or "OSL"), a government intelligence-gathering operation in which Defendants detained and questioned individuals—including journalists, lawyers, and activists—because of their perceived connection to people traveling by caravan to reach the U.S.-Mexico border in late 2018. Complaint, ECF 1.

Plaintiffs filed their Complaint on November 20, 2019, alleging that Defendants violated their First Amendment rights in connection with OSL. ECF 1. The Court denied Defendants' motion to dismiss on March 30, 2021, concluding that Plaintiffs have standing to sue and plausibly alleged First Amendment violations. ECF 38. The parties thereafter undertook vigorously-litigated discovery efforts, which included two motions to compel by Plaintiffs. The first motion to compel, filed on August 25, 2022 (ECF 81), was granted in part and denied in part by Magistrate Judge Henry at a hearing on October 14, 2022 (*see* Transcript, ECF 87). Plaintiffs filed their second motion to compel on April 25, 2023, which involved among other things significant issues concerning Defendants' invocation of the Law Enforcement Privilege to redact portions of documents they produced. ECF 91, 93, 94.

While the second motion to compel was pending, the parties returned to settlement discussions, and advised the Court on September 12, 2024, that they had made progress. ECF 115. As set forth in the parties' most recent status reports dated January 6, 2025, and January 27, 2025, after further negotiations the parties have now reached a settlement-in-principle, subject to internal Department of Justice approvals, and are working expeditiously to complete their final written agreement. ECF 123, 124.

Further to the parties' settlement efforts, Plaintiffs have provided a complete written draft of the settlement agreement to Defendants, and are awaiting Defendants' review and edits. In the

2

interim, there has been a change in administration at the Department of Justice and the Defendant agencies. As a result, while the parties are working diligently to complete their final written agreement, the precise timeline by which Defendants will be able to provide their comments and by which the parties will be able to complete their final written agreement is not entirely certain. Additionally, and of particular note as discussed below, the items of settlement relief that the parties have agreed to in principle include both items of monetary relief and of non-monetary relief, pursuant to which Defendants will perform certain actions after executing the final written agreement. Although the period for performance will be set forth in the final written agreement, it is likely that the period for performance will extend at least to 60–90 days after execution of the agreement, if not somewhat longer.

The Court entered its Order on January 27, 2025, dismissing this action with leave to reopen within 60 days. As noted above, under the terms of the settlement-in-principle, it is very unlikely that performance would be completed within 60 days even if the parties had been able to execute a final written agreement on January 27, 2025.

## LEGAL STANDARD

Rule 59(e) permits a motion to alter or amend a judgment within 28 days after the entry of the judgment, Fed. R. Civ. P. 59(e), including for reasons necessary to "correct manifest errors of law or fact" or to "prevent manifest injustice," *see* 11 Wright & Miller, Federal Practice and Procedure § 2810.1 (3d ed.). "The decision to grant a Rule 59(e) motion is within the sound discretion of the court." *E.g.*, *United States v. U.S. Currency in Sum of Six Hundred Sixty Thousand, Two Hundred Dollars*, 429 F. Supp. 2d 577, 580 (E.D.N.Y. 2006).

Local Civil Rule 6.3 likewise affords a motion for reconsideration as "the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or Order." *Mason v. Carranzo*, 2024 WL 3624058, at *2 (E.D.N.Y. Aug. 1, 2024). "The standard governing

a motion for reconsideration under Local Civil Rule 6.3 is 'identical' to the standard applicable to a motion to amend or alter a judgment under Federal Rule of Civil Procedure 59(e)." *Id.*

Finally, Rule 60(b) allows the Court to "relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Thus, among other things, Subsection (b)(1) permits a district court to correct any error, including where the court has overlooked issues or determines that the judgment is premature. *See, e.g.*, *Rumsey v. New York State Dep't of Corr. Servs.*, 580 F. Supp. 1052, 1054 (N.D.N.Y. 1984). Subsection (b)(6), for its part, "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice," *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986), and constitutes a "grand reservoir o[f] equitable power to do justice in a particular case," *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963). A motion under Rule 60(b) "is addressed to the sound discretion of the trial court." *Nat'l Petrochemical Co. of Iran v. The M/T Stolt Sheaf*, 930 F.2d 240, 244 (2d Cir. 1991).

## ARGUMENT

Plaintiffs respectfully submit that the Court should reopen this action or else reconsider and vacate the January 27 Order for three reasons.

*First*, given the unique circumstances of this case and that the parties contemplate mixed items of monetary and non-monetary relief to be performed by federal agencies, justice would be best served by the Court reopening this action and retaining jurisdiction until the final written settlement agreement is executed *and* the contemplated relief has been fully performed. Any other approach creates an unjustified risk of impairing Plaintiffs' ability to enforce the settlement should that ever become necessary after execution of the parties' final written agreement.

4

As noted above, the time period for performance of the parties' contemplated settlement relief likely will extend beyond 60 days from the date of execution of a final written agreement. As a result, it is very unlikely that Plaintiffs' could receive the settlement relief that they have negotiated on the 60-day timeline set forth in the Court's January 27 Order, even if the parties had completed their final written agreement as of that date (which, in any event, has not occurred). In light of these circumstances, Plaintiffs anticipate that they will do one of two things upon executing the final written agreement: (1) ask the Court to dismiss the action while expressly retaining jurisdiction over the enforcement of the settlement, or (2) ask the Court to keep the action open until Defendants have certified to Plaintiffs that they have completed the performance, which Plaintiffs ultimately anticipate would be less than six months from the execution of the final written agreement.

This procedure is necessary and proper because, without the express retention of jurisdiction by the Court, Plaintiffs could face uncertainty and considerable procedural challenges should they later need to enforce the terms of the parties' settlement. As the Second Circuit has explained, "A federal court does not automatically retain jurisdiction to hear a motion to enforce or otherwise apply a settlement in a case that it has previously dismissed." *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 134 (2d Cir. 2011) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–82 (1994)). Instead, the "order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015). This Court, which has significant experience with this case and has overseen it since commencement, is best-situated to hear any enforcement-related issues if they arise.

Moreover, issues of enforceability are particularly acute where, as here, a settlement involves federal agencies and mixed items of monetary and non-monetary relief. For example, absent an express statement by the Court retaining jurisdiction over the enforcement of the settlement, there is a risk that Plaintiffs might be forced to attempt to seek an enforcement action in state court—giving rise to attendant procedural uncertainty considering that Plaintiffs would be seeking to compel action by federal entities. *See, e.g.*, *Hendrickson*, 791 F.3d at 362 (noting that federal district courts generally lack jurisdiction to hear contract claims against the United States where the amount exceeds $10,000). Or Plaintiffs might be forced to attempt to seek recourse in the Court of Federal Claims, but that court's jurisdiction principally is focused on claims for monetary relief and not non-monetary relief. *See Gonzales & Gonzales Bonds and Ins. Agency, Inc. v. Dep't of Homeland Sec.*, 490 F.3d 940, 943 (Fed. Cir. 2007) (observing that "[i]n order for a claim to be brought under either the Tucker Act or the Little Tucker Act, the claim must be for monetary relief; it cannot be for equitable relief except in very limited circumstances . . . ."). As a result, if the Court does not expressly retain jurisdiction over the settlement once finalized, Plaintiffs may face considerable procedural uncertainty and be hindered in efficiently and effectively securing enforcement of the settlement terms should that ever become necessary.

Because the Court is best-situated to hear enforcement-related issues, and any other approach risks creating unwarranted procedural uncertainty, the Court should retain jurisdiction at this stage and should expressly retain jurisdiction over the settlement once it is finalized until performance is completed. The Court's January 27 Order likely is not sufficient to do so under the Second Circuit precedent cited above. Accordingly, the Court should reopen this action pending the parties' completion of their final written settlement agreement, after which Plaintiffs anticipate that they will request an appropriate disposition.

*Second*, the Court's Order risks prematurely prejudicing Plaintiffs' substantive rights to obtain judicial relief and resulting in manifest injustice, despite the fact that the final written settlement agreement has not yet been completed and no party has yet moved for dismissal of this action.

Because the Complaint alleges First Amendment violations in connection with conduct that occurred in late 2018 and early 2019 (ECF 1), once the 60-day period in the Court's order expires, there is a significant risk that the Court's Order will effectively operate as a dismissal *with prejudice* due to the operation of the statute of limitations. Specifically, although it is not entirely settled which statute of limitations would be applicable to the Plaintiffs' First Amendment claims for injunctive relief, the catch-all six-year statute of limitations set forth in 28 U.S.C. § 2401(a) very well may be deemed to apply. *See Polanco v. U.S. Drug Enf't Admin.*, 158 F.3d 647, 652–54 (2d Cir. 1998) (applying 28 U.S.C. § 2401(a) to a due process challenge to DEA forfeiture procedures).[1]

If a court were to determine that Plaintiffs' claims are time-barred after the 60-day period in the Court's Order runs, Plaintiffs unfairly would be foreclosed from obtaining any judicial relief for their claims. This is not a theoretical concern: The final written settlement agreement is not yet completed, despite the agreement in principle, and Plaintiffs are waiting for Defendants to conclude their review of the draft written settlement agreement in the context of a change in administration which may further extend that timeline. While Plaintiffs recognize that the Court has afforded 60 days in which to request reopening of this case, Plaintiffs respectfully submit that the case should be reopened now in order to avoid a possibility that, despite vigorously

---

[1] Alternatively, as in *Bivens* actions, the applicable statute of limitations could be deemed to be borrowed from state law.

7

prosecuting their claims, the claims nevertheless could lapse while Defendants complete their internal review processes. Similarly, Plaintiffs respectfully submit that they should not be placed in a position where they must police the timing of Defendants' internal review processes—instead, the risks and corresponding incentives to complete those processes should be placed on Defendants, who control them. Indeed, Second Circuit law strongly disfavors dismissals that are not on the merits when doing so could cause a claim to lapse. *See Jewell v. Cnty. of Nassau*, 917 F.2d 738, 740–41 (2d Cir. 1990) (vacating order of dismissal without prejudice, where plaintiff's claims under 42 U.S.C. § 1983 would have been time barred).

Therefore, the Court should reopen this action to avoid any possibility of prejudice or manifest injustice to Plaintiffs. Should the Court wish to hold this matter in abeyance while the parties complete their final written agreement, Plaintiffs respectfully submit that the better procedural approach would be for the Court to reopen the action and order that it be stayed, with a status report due in 60 days. *See, e.g.*, *Johnson v. Nyack Hosp.*, 86 F.3d 8, 11 (2d Cir. 1996) ("The statute of limitations is not a concern where the deferring court has issued a stay . . . .").

*Third*, in order to preserve all of their rights, Plaintiffs respectfully submit that there is no procedural basis for the Court to dismiss this action at the time or in the manner set forth in the January 27 Order. For instance, there has been no motion made pursuant to Rules 12, 41, or 54 of the Federal Rules of Civil Procedure, and the Court did not first provide the parties with notice and opportunity to be heard. Although *sua sponte* dismissals may be warranted in certain narrow circumstances, the general rule is that a district court should not dismiss an action *sua sponte* without first providing the parties with notice of the grounds and an opportunity to be heard. *See Ethridge v. Bell*, 49 F.4th 674, 682 (2d Cir. 2022); *see also Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018) (collecting cases). Accordingly, if the Court determines

8

that it should adhere to its January 27 Order, Plaintiffs respectfully request an opportunity to be heard on the significant issues and risks of prejudice outlined above.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reopen this action pursuant to its Order dated January 27, 2025. In the alternative, Plaintiffs respectfully request that the Court reconsider its Order and vacate that Order pursuant to Fed. R. Civ. P. 59(e), Fed. R. Civ. P. 60(b), and Local Civil Rule 6.3.

Should the Court wish to hold this matter in abeyance while the parties complete their final written settlement agreement, Plaintiffs respectfully submit that the better procedural approach would be for the Court to reopen the action and order that it be stayed, with a status report due in 60 days.

Dated: New York, New York
February 10, 2025

| COVINGTON & BURLING LLP | AMERICAN CIVIL LIBERTIES UNION FOUNDATION |
|---|---|
| By: /s/ Andrew W. Hahn | |
| Andrew W. Hahn | Esha Bhandari |
| C. William Phillips | Scarlet Kim |
| The New York Times Building | 125 Broad Street, 18th Floor |
| 620 Eighth Avenue | New York, NY 10004 |
| New York, NY 10018-1405 | (212) 549-2500 (phone) |
| (212) 841-1000 (phone) | (212) 549-2583 (fax) |
| (646) 441-9071 (fax) | ebhandari@aclu.org |
| ahahn@cov.com | scarletk@aclu.org |
| wphillips@cov.com | |

Megan Crowley (*pro hac vice*)
Daniel Grant (*pro hac vice*)
One City Center
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5851 (phone)
202-662-6000 (fax)
mcrowley@cov.com
dgrant@cov.com

*Attorneys for Plaintiffs*

## WORD COUNT CERTIFICATION

I hereby certify, pursuant to Local Rule 7.1(c), that the foregoing Memorandum contains 2,764 words, excluding portions of the Memorandum excluded by Local Rule 7.1(c).

Dated: New York, New York　　　　　　　　　　　　/s/ Andrew W. Hahn
　　　　February 10, 2025　　　　　　　　　　　　　　Andrew W. Hahn